### THE JEMSON NO. I.

### THE DYNAMIC.

### THE CREE.

### MATTON OIL TRANSFER CORPORATION v. THE DYNAMIC et al.

No. 16003.

District Court, E. D. New York.

Feb. 5, 1942.

Foley & Martin, of New York City (James A. Martin, of New York City, of counsel), for libellant.

Purdy & Lamb, of New York City (Edmund F. Lamb and Vincent A. Catoggio, Jr., both of New York City, of counsel), for Diesel Tug Dynamic and Conners Marine Co., Inc.

John R. Stewart, of New York City (James A. Martin and Christopher E. Heckman, both of New York City, of counsel), for Motor Tug Cree, Inc.

ABRUZZO, District Judge.

During the night of January 17, 1940, the evidence discloses that the tug "Cree", claimant-impleaded, with the light tank barge "Jemson No. 1", libellant, fast on her starboard side, was proceeding out of Gowanus bound for Bay Way, New Jersey,

on a course which would bring her to the west or her starboard side of the Bay Ridge Channel, thence down that channel. The "Dynamic", the claimant herein, without a tow, bound from 52nd Street, Brooklyn, to Roosevelt Street, Manhattan, was proceeding up Bay Ridge Channel. Somewhere in the channel, the "Dynamic" collided with the light tank barge "Jemson No. 1", causing considerable damage to the libellant's tank barge.

The markings on the chart (Matton Exhibit No. 2) were designated by the respective captains of the "Dynamic" and the "Cree". The "X" in red pencil in Bay Ridge Channel off Pier 6, Brooklyn, represents the position of the "Dynamic" when she first observed the "Cree", marked with an "X" in blue. The "X" in a circle drawn with ink shows the location of the collision fixed by the captain of the "Dynamic".

The captain of the "Cree" marked the point of collision with a "B" inside an ink circle. He traced his course from Gowanus to the point of collision with a blue line.

When the "Cree" was at point "C" in the red circle, being then clear of the piers, the "Cree" sounded a one-whistle blast when she saw the "Dynamic" about 1,200 feet distant. When she reached point "D", she sounded another one-whistle blast, the signals being about one minute apart. After the second one-whistle signal of the "Cree", the "Dynamic" sounded three blasts, the danger signal, which the "Cree" answered. It appears that the "Dynamic" failed to hear and answer the first one-whistle signal of the "Cree". The "Dynamic" was amply warned by the two one-whistle signals of the approach of the "Cree" and she could plainly see the "Cree" proceeding on a steady curving course, across and down Bay Ridge Channel. If the "Dynamic" intended to cross over the bow of the "Cree", she gave no indication of doing so. The "Dynamic" could have passed the "Cree" port to port and gone under the stern of the tow of the "Cree". It was also possible for the "Dynamic" to keep to port and go up a narrow channel.

The red line on the chart (Matton Exhibit No. 2) shows the course of the "Dynamic". If she had kept a straight course, it would have in time brought her to the stern of the "Cree". Instead, she evidently veered further out amidstream, taking her closer to the course held by the "Cree". At no time, did the "Dynamic" signal the "Cree" to this effect. She failed to answer the "Cree's" signal which gave the captain of the "Cree" the right to assume that the "Dynamic" had heard his signals and intended to go under the stern of the tow of the "Cree".

A similar situation resulted in The Transfer No. 18, 2 Cir., 74 F.2d 256, and in that opinion, the court said: "When she saw No. 18 coming up the river with two car floats, and undertook a maneuver which was bound to bring her own float far out into the stream, she should have realized that the course of No. 18 and its tow, if continued, would cross her own and that the Quoque should have *held back or at least have given to No. 18 a passing signal definitely indicating to the latter which side of the channel ought to be taken.*" 74 F.2d 256, 257. Italicizing the court's.

It thus seems clear that the "Dynamic" was at fault. Furthermore, the position of the collision as fixed by the captain of the "Dynamic", located by the "X" in a circle in ink, is preposterous after considering the evidence and physical circumstances involved. The damage to the "Jemson No. 1" was caused solely by the "Dynamic" and therefore, the "Cree" must be exonerated.

This case was originally decided without a written opinion or the signing of findings of fact and conclusions of law. The "Dynamic" appealed to the Circuit Court of Appeals, Second Circuit, 123 F.2d 999, which remanded the matter to this court for findings and conclusions, suggesting that an opinion be rendered if the District Court saw fit to do so.

It is true that findings of fact and conclusions of law required by Admiralty Rule 46½, 28 U.S.C.A. following section 723, were never signed, although a decree for the libellant was. Of necessity, the rules as promulgated must be adhered to, but often through inadvertence an error in procedure may occur. It is known fact that findings of fact and conclusions of law are many times signed in advance of the decree. In the instant case, it must have been assumed by this court, when signing the decree, that previously thereto the findings of fact and conclusions of law had already been presented for signa-

ture. This oversight has been most unfortunate and this court deplores the inconvenience of the record having to be presented a second time to the Circuit Court.

In order to avoid any such similar situation, this court has chosen to include the findings of fact and conclusions of law in this opinion.

### Findings of Fact.

(1) On the night of January 17, 1940, the tug "Cree" with the light tank barge "Jemson No. 1" made fast on her starboard side, left Court Street, Brooklyn, bound for Bay Way, New Jersey. She proceeded out of Gowanus on a course which would bring her to the west or her own starboard side of Bay Ridge Channel, thence down that channel.

(2) The "Dynamic", without tow, had departed from 52nd Street, Brooklyn, and was bound for Roosevelt Street, Manhattan.

(3) When the "Cree" sighted the "Dynamic", the "Cree" was about abreast of flashing green buoy marking the junction of Red Hook Channel with Bay Ridge Channel and the "Dynamic" somewhat west of the middle of the channel about off Pier 3, Brooklyn.

(4) At the time the "Cree" observed the "Dynamic" the "Cree" was holding a steady curving course under which she was heading across and down Bay Ridge Channel. The "Cree" had not yet reached the point on the starboard side of Bay Ridge Channel where she would straighten out and head on a course parallel with the side of the channel. The "Dynamic's" course was up Bay Ridge Channel for Red Hook Channel.

(5) In these positions the vessels were on crossing courses, the "Cree" showing the "Dynamic" a red light.

(6) The "Cree" which was proceeding at full engine speed at once sounded a one-whistle signal and held her curving course and speed. Receiving no answer to her one-whistle signal, the "Cree", after a lapse of about one minute, repeated her one-whistle signal. About thirty seconds after the "Cree" sounded her second one-whistle signal, the "Dynamic" sounded three blasts of her whistle, where-upon the "Cree" sounded a three-blast whistle signal.

(7) Both vessels reversed their engines at the time each sounded a three-blast signal, but the "Dynamic" which had been proceeding at a speed of approximately 12 miles per hour was not able to overcome her headway and her bow collided against the port side of the tank barge "Jemson No. 1", bounded off and again coming on struck further aft causing damage to that vessel at each point of contact.

(8) The collision occurred about 10:15 p.m. south of the flashing buoy at the junction of Bay Ridge and Red Hook Channels at the point marked "B" in an ink circle on Matton Exhibit No. 2.

(9) The master of the "Cree" understood the vessels were on crossing courses and in accordance with her one-whistle signal the "Cree" held her course and speed until she heard the "Dynamic's" three-blast signal.

(10) The "Dynamic" was navigating on her own left hand side of Bay Ridge Channel, a narrow channel.

(11) The "Dynamic" failed to hear or answer the "Cree's" one-whistle signal.

(12) The "Dynamic" failed to keep clear of the tug "Cree" and failed to direct her course, or to make the proper engine maneuvers necessary to go under the stern of the tug "Cree" and her tow.

### Conclusions of Law.

(1) The "Dynamic" is at fault for failing to hear and answer the "Cree's" first one-whistle signal.

(2) The "Dynamic" is at fault for her failure to keep clear of the tug "Cree" or to make the proper engine maneuvers necessary to direct her course so that she would go under the stern of the tug "Cree" and her tow.

(3) The "Cree" was properly navigated.

(4) Libellant was not guilty of any fault.

(5) The "Cree" was not guilty of any fault.

(6) The libellant is entitled to a decree against the tug "Dynamic" for the damages sustained, together with interests and costs.

(7) The petition impleading the tug "Cree" should be dismissed, with costs.