## INTERSTATE CIRCUIT, INC., ET AL. *v.* UNITED STATES.*

No. 709. Argued April 5, 1938.—Decided April 25, 1933.

*Messrs. George S. Wright* and *Thomas D. Thacher* for appellants.

*Solicitor General Jackson,* with whom *Assistant Attorney General Arnold* and *Mr. Charles H. Weston* were on the brief, for the United States.

PER CURIAM.

The Government brought this suit for an injunction against the carrying out of an alleged conspiracy, in restraint of interstate commerce, between distributors and exhibitors of motion picture films. The restraint was alleged to consist in provisions in license agreements which prevented any "feature picture" of the distributors, which had been shown "first-run" in a theater of the defendant exhibitor at an admission price of 40 cents or more, from thereafter being exhibited in the same locality at an admission price of less than 25 cents or on the same program with another feature picture.

*Together with No. 710, *Paramount Pictures Distributing Co. et al. v. United States,* also on appeal from the District Court of the United States for the Northern District of Texas.

56

The evidence was presented by an agreed statement of certain facts and by oral testimony on behalf of each party. The District Court entered a final decree adjudging that in making the restrictive agreements the distributors had engaged in a conspiracy with the exhibitor, Interstate Circuit, Inc. and its officers, in violation of the Anti-Trust Act and granting a permanent injunction against the enforcement of the restrictions. 20 F. Supp. 868. The case comes here on direct appeal. Acts of Feb. 11, 1903, c. 544, 32 Stat. 823; February 13, 1925, c. 229. 28 U. S. C. 345.

Equity Rule 70½ provides:

"In deciding suits in equity, including those required to be heard before three judges, the court of first instance shall find the facts specially and state separately its conclusions of law thereon; . . .

"Such findings and conclusions shall be entered of record and, if an appeal is taken from the decree, shall be included by the clerk in the record which is certified to the appellate court under rules 75 and 76."

The District Court did not comply with this rule. The court made no formal findings. The court did not find the facts specially and state separately its conclusions of law as the rule required. The statements in the decree that in making the restrictive agreements the parties had engaged in an illegal conspiracy were but ultimate conclusions and did not dispense with the necessity of properly formulating the underlying findings of fact.

The opinion of the court was not a substitute for the required findings. A discussion of portions of the evidence and the court's reasoning in its opinion do not constitute the special and formal findings by which it is the duty of the court appropriately and specifically to determine all the issues which the case presents. This is an essential aid to the appellate court in reviewing an equity case (*Railroad Commission* v. *Maxcy*, 281 U. S. 82, and cases

cited) and compliance with the rule is particularly important in an anti-trust case which comes to this Court by direct appeal from the trial court.

The Government contends that the distributors were parties to a common plan constituting a conspiracy in restraint of commerce; that each distributor would benefit by unanimous action, whereas otherwise the restrictions would probably injure the distributors who imposed them, and that prudence dictated that "no distributor agree to impose the restrictions in the absence of agreement or understanding that his fellows would do likewise"; that the restraints were unreasonable and that they had the purpose and effect of raising and maintaining the level of admission prices; that even if the distributors acted independently and not as participants in a joint undertaking, still the restraints were unreasonable in their effect upon the exhibitor's competitors.

Appellants, asserting copyright privileges, contend that the restrictions were reasonable; that they were intended simply to protect the licensee from what would otherwise be an unreasonable interference by the distributors with the enjoyment of the granted right of exhibition; that there was no combination or conspiracy among the distributors; that it was to the independent advantage of each distributor to impose the restrictions in its own agreement and that the contention that less than substantially unanimous action would have injured the distributors in making such agreements was contrary to the evidence; and that the restrictions did not have an injurious effect.

We intimate no opinion upon any of the questions raised by these rival contentions, but they point the importance of special and adequate findings in accordance with the prescribed equity practice.

The decree of the District Court is set aside and the cause is remanded with directions to the court to state

its findings of fact and conclusions of law as required by Equity Rule 70½.

*It is so ordered.*

MR. JUSTICE STONE and MR. JUSTICE BLACK think that the findings in the opinion and decree below, while informal, are sufficient for purposes of decision, and that the case should therefore be decided now without further proceedings below; the more so because of the public interest involved.

MR. JUSTICE CARDOZO took no part in the consideration and decision of this case.