## BUCK et al. v. SAVOIA RESTAURANT, Inc.

District Court, S. D. New York.
Nov. 1, 1938.

Schwartz & Frohlich, of New York City (L. D. Frohlich and Jack M. Nitzburg, both of New York City, of counsel), for plaintiffs.

Samuel M. Finkelstein, of New York City (Samuel M. Finkelstein and S. H. Braunstone, both of New York City, of counsel), for defendant.

WOOLSEY, District Judge.

The plaintiffs may have a decree for $500 with costs which will include $100 counsel fees.

I. My subject matter jurisdiction in this cause is based on the Copyright Act, 17 U.S.C.A. § 1 et seq.

II. This cause does not involve any question except credibility of the witnesses.

I believe what Mr. Powers, the witness for the plaintiffs, said with regard to the infringement of the copyright of the song "Ramona" which occurred on February 20, 1937, and the infringement of the copyright of the song "Trust in Me" which occurred on March 21, 1937.

I do not believe the defendant's witnesses.

The plaintiffs have, therefore, made out two infringements.

III. The further question to be dealt with by me is the question of what statutory damages I should allow in lieu of actual damages.

Actual damages would, of course, be absolutely unascertainable in a case of this kind, and, in order to have a sanction, the Copyright Act has provided for statutory damages to be given in such cases.

IV. As I understand the case of Westermann v. Dispatch Company, 249 U.S. 100, 101, 39 S.Ct. 194, 63 L.Ed. 499, I have discretion to impose as damages, under Section 25 of the Copyright Act, 17 U.S.C.A. § 25, when I invoke, as I do here, the "in lieu" provision, any sum between the limits of $5,000 and $250 in respect of each infringement of copyright in a cause of this kind.

It seems to me the damages given in this cause should be in the minimum amounts and, consequently, I give $250 statutory damages for the infringement that occurred by the playing of "Ramona" on February 20, 1937, and $250 statutory damages for the infringement that occurred by the playing of "Trust in Me" on March 21, 1937.

V. As to counsel fees, I believe they ought to be small in a cause like this.

Accordingly I am allowing, under Section 40 of the Copyright Act, 17 U.S.C.A. § 40, $100 as counsel fees, which may be taxed as costs in connection with the other costs which I hereby allow. This will give the plaintiffs a total recovery in the sum of $500, plus $100 counsel fees, and the taxable costs.

VI. Under Rules of Civil Procedure, Rule 52(a), 28 U.S.C.A. following section 723c, formerly Equity Rule 70½, 28 U.S.C.A. following section 723, cf. Interstate Circuit, Inc., v. United States, 304 U.S. 55, 57, 58 S.Ct. 768, 82 L.Ed. 1146, findings of fact and conclusions of law separately numbered are required to be filed in all equity causes.

Counsel for the plaintiffs must, therefore, submit to me through the Clerk's office findings of fact and conclusions of law in accordance with the said Rule, and give five days' notice thereof to counsel for the defendant.

Counsel for the defendant may on the return day of such notice submit alternative findings or criticism of the findings of fact and conclusions of law proposed by the plaintiffs' counsel if he be so advised.

All proposed findings, submitted by either party, must be typed in triple spacing so that I may conveniently correct them if I wish to do so.

Only findings of fact and conclusions of law which I sign will be filed as part of the record herein.

After the findings of fact and conclusions of law are signed by me, a decree may be submitted to me through the Clerk's office giving the plaintiffs the usual injunction and damages and costs as above indicated.