## DETECTIVE COMICS, Inc., v. BRUNS PUBLICATIONS, Inc., et al.

District Court, S. D. New York.
April 7, 1939.

As Amended June 2, 1939.

Weil, Gotshal & Manges, of New York City (Horace S. Manges, of New York City, of counsel), for plaintiff.

Samuel A. Fried, of New York City, for defendants Kable News Co. and Interborough News Company.

Koenig, Bachner & Koenig, of New York City (Raphael P. Koenig and Asher Blum, both of New York City, of counsel), for defendant Bruns Publications, Inc.

WOOLSEY, District Judge.

The plaintiff may have judgment as hereinafter prescribed.

I. The basis of my subject matter jurisdiction in this cause is the Copyright Law. Title 17 United States Code, 17 U.S.C.A. § 1 et seq.

The defendant Bruns Publications, Inc., is the publisher of the alleged infringing magazine, and the other two defendants are distributors thereof.

II. The copyrights indicated in the complaint,

(a) As to the June, 1938, issue of said periodical: June 14, 1938—Class B, No. 379787

(b) As to the July, 1938, issue of said periodical: June 14, 1938—Class B, No. 379788

(c) As to the August, 1938, issue of said periodical: July 30, 1938—Class B, No. 385466

(d) As to the September, 1938, issue of said periodical: September 17, 1938—Class B, No. 387907

(e) As to the October, 1938, issue of said periodical: October 27, 1938—Class B, No. 394784

(f) As to the November, 1938, issue of said periodical: October 27, 1938—Class B, No. 394886

(g) As to the December, 1938, issue of said periodical: December 22, 1938—Class B, No. 399214

(h) As to the January, 1939, issue of said periodical: February 7, 1939—Class B, No. 405349,
are for what is considered in Copyright Law to be an original work, and which is, therefore, copyrightable.

In respect of the February, 1939, March, 1939, and April, 1939, issues of said periodical, the issuance to plaintiff of such certificates of registration is imminent, all requirements of law having been duly complied with by plaintiff for the issuance thereof in due course.

III. The next question which arises in all copyright cases is whether there has been any access, i. e., any chance to copy the plaintiff's work.

I think that access,—if it is not accepted as common ground—certainly has been established because the plaintiff's magazine was on all the newsstands for circa a year before the defendant's magazine was published.

IV. I have gone through all the plaintiff's magazines and the defendant's magazine, and I find that in the one copy of the defendant's magazine which has come out,—the May, 1939, number of the magazine called "Wonder Comics"—there has been unfair use by the defendant of the plaintiff's copyrighted pictures and unfair paraphrase of the plaintiff's text accompanying its pictures.

Consequently, in my opinion, infringement has been shown both textually and pictorially.

Short of "Chinese copies" of the plaintiff's "Superman" strip, the defendant could hardly have gone further than it has done. E. g., the pictures shown in the moving papers on the preliminary injunction which came before one of the Judges in motion part and which may be referred to in the findings of fact to be hereinafter provided for, and the parallel column comparison of the text at pages 9-10 of the plaintiff's trial brief.

V. It seems to me that in dealing with a comic cartoon of the kind embodied in both the defendant's and the plaintiff's magazines, it has to be remembered that every such cartoon embodies a conception of humor or surprise or incredibility—whatsoever the cartoonist may be aiming at—and what the owner of the copyright is entitled to is the protection of that embodiment of his concept. E. g., King Features Syndicate v. Fleischer, 2 Cir., 299 F. 533, which is often called, as it was on this trial, the "Spark Plug" case, and Fleischer Studios, Inc., v. Ralph A. Freundlich, Inc., 2 Cir., 73 F.2d 276, which is often called, as it was on this trial, the "Betty Boop" case.

Inasmuch as I have found unfair use by the defendants, that means infringement of the plaintiff's copyrights and entitles the plaintiff under the Copyright Act to a judgment for an injunction with costs and to damages and profits.

VI. Now we come to the question of mechanics, for my decision must be embodied in some juridical act in order to have it of any value.

Counsel for the plaintiff must forthwith prepare and submit to me, through the Clerk's office, findings of fact following the complaint with such additions as counsel for the plaintiff may be advised, as, for example, the pictures shown in the papers on motion for the preliminary injunction, and the comparison of the texts shown at pages 9-10 of plaintiff's trial brief, and conclusions of law in accordance with this opinion, which is just the barest outline of my views herein.

Counsel for the plaintiff must give five days' notice of such findings of fact and conclusions of law to counsel for the several defendants.

Counsel for the defendants, if he be so advised, may, on the return day of such notice, submit to me a criticism of the findings of fact which plaintiff's counsel may have proposed.

Only the findings of fact and conclusions of law which I sign will be filed as part of the record herein. We do not have cross-findings in this Court.

I suggest this procedure because I think that counsel for the defendants will probably find that a great many of the proposed findings of fact by the plaintiff are not subject to any objection. There will probably be only a few really controversial matters.

Any memoranda on the subject of findings of fact made by defendants' counsel must be served on plaintiff's counsel and admission of service secured before submission to me.

Now, in order that I may be facilitated in correcting the findings of fact, I want them sent to me typed in triple spacing so that I can correct them by writing in between the lines if I wish to.

The necessity for this form of procedure has been approved by the United States Supreme Court in a case which was decided under Equity Rule 70½, 28 U.S.C.A. following section 723, Interstate Circuit, Inc., v. United States, 304 U.S. 55, 56, 57, 58 S.Ct. 768, 82 L.Ed. 1146. Before that case, I had always made out findings of fact in my opinion, and had then said at the end thereof that the opinion should stand as the findings of fact and conclusions of law in the cause. The Supreme Court, under the case just cited, literally enforced Rule 70½ and ended that practice.

VII. With regard to the remedy, after the findings of fact and conclusions of law are signed by me, the plaintiff will have to submit, through the Clerk's office, a final decree carrying costs and counsel fees, to be fixed as hereinafter prescribed, which will provide—

1. For a permanent injunction forbidding the further publication by the defendant Bruns Publications, Inc., of its cartoon character "Wonderman", in such form as will make that cartoon character trespass in any respect on the plaintiff's cartoon character "Superman".

I have already indicated herein some of the respects in which I think it has already trespassed, and, for the future, the two cartoons must be kept apart.

The form of the injunction to be submitted should, I think, substantially follow the lines of the injunctions granted in the "Spark Plug" and "Betty Boop" cases referred to above. The records on appeal in those cases are available to be looked at in the Association of the Bar or in the Clerk's office of the Circuit Court of Appeals in this building.

2. For a recovery by the plaintiff from the defendants of the plaintiff's damages and profits which I have fixed under Section 25(b) of the Copyright Act, 17 U.S.C.A. § 25(b), at fifteen hundred dollars ($1500).

The defendants, Kable News Company and the Interborough News Company, will only be secondarily liable for such damages and profits in case the Bruns Publications, Inc., cannot answer therefor. In such event, they will be jointly and severally liable therefor as joint and several infringers of the plaintiff's copyright.

VIII. In the final decree the plaintiff will have also costs as against the defendants, including all taxable allowances and disbursements, and also reasonable counsel fees, as provided under Section 40 of the Copyright Act, 17 U.S.C.A. § 40. Costs are mandatory against the unsuccessful party under that Act, but counsel fees shall be recoverable in the first instance from the Bruns Publications, Inc., and only on failure to secure payment from it may the plaintiff have recourse to the Kable News

Company and the Interborough News Company who will then, as in the case of the damages and profits hereinabove provided for, be jointly and severally liable therefor.

IX. Counsel fees will be fixed by me before any final decree is entered. In order to enable me to fix these fees in accordance with the canons of legal charges laid down by Judge Choate of this Court, and quoted by me in In re Osofsky, D.C., 50 F. 2d 925, I will require the plaintiff's counsel to serve, with two days' notice, on the attorneys for the defendants and submit to me a verified petition dealing fully with their services and disbursements herein.

, X. Only after these fees are fixed in accordance with the canons of charges above referred to, and the costs are taxed, may a final decree be noticed for settlement, in order that the costs, including counsel fees allowed, may be included in the final decree.

The final decree will be submitted to me through the Clerk's office on the usual notice.