**HECHT, LEVIS & KAHN, Inc., v. NEW ZEALAND INS. CO.**

District Court, S. D. New York.
Dec. 28, 1940.

594

Hill, Rivkins & Middleton, of New York City (Gregory S. Rivkins and William M. Sheffeld, both of New York City, of counsel), for plaintiff.

Horace T. Atkins, of New York City, for defendant.

LEIBELL, District Judge.

This is an action for damages for breach of a contract of insurance covering a shipment of crude rubber from Singapore to New York. A jury trial was originally demanded by plaintiff. On October 31, 1940, the parties entered into a written stipulation which provided in part: "11. The plaintiff's demand for a trial by jury may be deemed withdrawn, and it is stipulated that the case may be tried before the Court alone with the same force and effect as if tried before a jury."

At the end of the trial before me on December 16th both sides waived the necessity of findings. On December 17th I directed a verdict for the plaintiff in the sum of $4,-136.61, which included interest to that date. Later, and before the entry of any judgment, the attorney for the defendant requested that I make findings in view of the provisions of Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which reads in part as follows: "Rule 52(a) In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; * * *."

■ This rule was adopted from former Equity Rule 70½, 28 U.S.C.A. following section 723. The distinction made under the Federal Rules of Civil Procedure is between jury and nonjury actions, not actions at law and suits in equity, as formerly. Findings were mandatory under former Equity Rule 70½. Interstate Circuit v. United States, 304 U.S. 55, 58 S.Ct. 768, 82 L.Ed. 1146. The language of Rule 52(a) is also mandatory. Defendant intends to appeal the verdict and I feel that it is my duty to resolve any doubt as to the necessity of findings, in favor of a complete record on appeal, so as not to prejudice defendant's

right to a proper review in the appellate court. I have concluded that findings of fact and conclusions of law should be made, before any judgment is entered herein.

Counsel will exchange their respective proposed findings of fact and conclusions of law on January 10, 1941, and will file their respective proposed findings, with a memorandum criticising those submitted by their opponent, together with a memorandum in support of their respective conclusions of law on January 17, 1941. After I have made and filed my findings of fact and conclusions of law, an appropriate form of judgment should be submitted to the Clerk of the Court on notice.