**MATTON OIL TRANSFER CORPORATION v. THE DYNAMIC et al.**

**THE JEMSON NO. 1.**

**THE DYNAMIC.**

**THE CREE.**

**No. 99.**

Circuit Court of Appeals, Second Circuit.

Dec. 1, 1941.

---

Vincent A. Catoggio, Jr., of New York City (Purdy & Lamb and Edmund F. Lamb, all of New York City, on the brief), for claimant-appellant.

Christopher E. Heckman, of New York City (John R. Stewart and James A. Martin, both of New York City, on the brief), for claimant-impleaded-appellee.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

## PER CURIAM.

We are presented with the decision of this appeal, involving claims for collision damages in the admiralty, without help from the district judge by way of a finding of facts or conclusions of law. At the end of the trial, the court forthwith stated from the bench: "Decree for the libellant against the Dynamic only. The Cree exonerated. The court finds prima facie evidence of damage, and that is all it has to find, and it will appoint a commissioner to assess damages only that were caused by this collision on January 17, 1940." Nothing else approaching a finding appears, though there is a recital in the interlocutory decree, signed some two weeks later, that "the court, after due deliberation, having rendered its oral opinion at the conclusion of the trial, finding the facts and conclusions of law, and holding the tug 'Dynamic' solely at fault for the damages mentioned in libel, and directing that libellant is entitled to a decree against the diesel tug 'Dynamic,'" it was therefore adjudged, etc.

Admiralty Rule 46½, adopted by the Supreme Court in 1930, 28 U.S.C.A. following section 723, requires that "the court of first instance shall find the facts specially and state separately its conclusions of law thereon; and its findings and conclusions shall be entered of record and, if an appeal is taken from the decree, shall be included by the clerk in the record" certified to the appellate court. This, of course, is quite similar to the former Equity Rule 70½, 28 U.S.C.A. § 723 Appendix, which has been continued in substance in Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A. following section 723c. As we have regularly held, the substance of the admiralty rule requires, as in ordinary civil actions, that we should give due weight to the findings of fact made by the trial judge, who has had the opportunity to see the witnesses as they testified and thus determine the truth of disputed testimony in ways not open merely on inspection of a printed appellate record. Hence we have often decided that admiralty findings, like civil findings generally, should not be set aside unless clearly erroneous. Commercial Molasses Corp. v. New York Tank Barge Corp., 2 Cir., 114 F.2d 248, 250, affirmed, Nov. 17, 1941, 62 S.Ct. 156, 86 L.Ed. ——; The Aakre, 2 Cir., 122 F.2d 469, 474, and cases cited. Consequently we do not feel that we can

properly dispose of this case without the help which observance of the rule would afford us. Moreover, the insistence of the Supreme Court upon appropriate findings should not be disregarded. Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 316, 60 S.Ct. 517, 84 L.Ed. 774, and cases cited; Interstate Circuit, Inc. v. United States, 304 U.S. 55, 58 S.Ct. 768, 82 L.Ed. 1146; cf. Smith v. Lykes Brothers-Ripley S. S. Co., 5 Cir., 105 F.2d 604, certiorari denied 308 U.S. 604, 60 S.Ct. 141, 84 L. Ed. 505; The Plow City, 3 Cir., 122 F.2d 816, 819.

We realize that to enforce the rule in an overscrupulous way may impose onerous labors on a district judge, beyond those actually needed for a fair presentation of an appeal. We think it appropriate to say that we are not disposed towards such an enforcement, nor have we at any time required any overelaboration of detail or particularization of facts. We agree fully with the spirit and the terms of the resolution passed by majority vote of the judges at our Judicial Conference of last June recommending "that the trial judge make brief, pertinent findings in respect to contested matters and file the same in connection with his opinion." This puts the emphasis where it should be, namely, on brief and pertinent findings of contested matters, and also upon a finding made as a part of the judge's opinion and decision, rather than the delayed, argumentative, overdetailed documents prepared by winning counsel after the event which often appear in appellate records, though they are not effective aids to adjudication. See Gibbs v. Buck, 307 U.S. 66, 78, 59 S.Ct. 725, 732, 83 L.Ed. 1111; Epstein v. Goldstein, 2 Cir., 107 F.2d 755, 758. The findings and conclusions of the court, however, which actually led it to decision are helpful; and we do not think trial courts will find it unduly burdensome to state those briefly and concisely at the time decision is made. Compare Otis, J., Improvements in Statement of Findings of Fact and Conclusions of Law, 1 F.R.D. 83, 85; Nordbye, J., Id., 1 F.R.D. 25, 31.

Of course, we do not mean to imply that a trial court is not privileged to seek such aid of counsel, both as to the facts and the law, as it thinks desirable prior to and as a step in decision; or to limit or restrict in any way the procedure for amending or otherwise correcting findings set forth in F.R.C.P. 52(b). Nor do we wish to preclude the trial court from preparing an opinion, for that can be most illuminating and helpful to an appellate court.

The decree is therefore reversed and the case is remanded, with directions to the district court to state its findings of fact and conclusions of law as required by Admiralty Rule 46½. If an appeal is taken from the decree thereafter rendered, it will doubtless be possible to make use of the present record if there is filed with it a supplement containing the later proceedings herein ordered.