BACH et al. v. FRIDEN CALCULATING MACH. CO., Inc., et al.

No. 9898.

Circuit Court of Appeals, Sixth Circuit.

March 26, 1945.

Hugh McD. Ritchey, of Cincinnati, Ohio (Joseph S. Graydon, Joseph H. Head, and Graydon, Head & Ritchey, all of Cincinnati, Ohio, on the brief), for appellants.

Carl M. Jacobs, of Cincinnati, Ohio, and Ashley M. Van Duzer, of Cleveland, Ohio (Carl Phares, of Cincinnati, Ohio, and Smith Warder, of Cleveland, Ohio, Frost & Jacobs, of Cincinnati, Ohio, and Mc-Keehan, Merrick, Arter & Stewart, of Cleveland, Ohio, on the brief), for appellees.

Before ALLEN, HAMILTON, and Mc-ALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

Appellants brought this suit claiming that on July 1, 1935, appellee, the Friden Calculating Machine Company, a corporation, for a valuable consideration, appointed them its exclusive distributors in certain portions of the States of Ohio, Kentucky and Indiana, and that their appointment was to continue in force so long as appellants complied with the terms of the contract.

Appellants further alleged that appellee, the Friden Calculating Machine Company, had attempted wrongfully to cancel the contract and had entered into a contract with appellee, A. J. Gunderson, naming him as distributor for the same territory. They prayed that the cancellation of the contract be enjoined.

The Friden Company answered and plead five separate defenses: (a) That the contract lacked mutuality of obligation and mutuality of remedy;

(b) That no valuable consideration was paid for the contract;

(c) That not being in writing, the contract violated the statute of frauds;

(d) That the contract was indefinite as to the time of duration and for that reason was terminable at the will of either party;

(e) That the contract had been novated by agreement of the parties.

The action was tried by the court without a jury and after appellants had completed the presentation of their evidence, appellees moved, pursuant to Federal Rules of Civil Procedure 41(b), 28 U.S.C.A. following Section 723(c), for dismissal upon the ground that appellants under the facts and law had shown no right to relief, which motion was sustained and appellants' petition dismissed. The court did not find facts and did not state separately its conclusions of law.

Rule 41(b) provides "* * * after the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and law, the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

Rule 52(a) of the Federal Rules of Civil Procedure provides, "In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment * * *. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

As appears from the record, the latter rule was ignored and while none of the parties has raised the question, in order that the broad purposes of the rules may be achieved, we determine whether or not when a motion to dismiss is sustained under 41(b) at the conclusion of plaintiff's evidence in a case tried by the court, findings of fact should be made.

■ The primary purpose of the Congress in authorizing the Supreme Court by rules to prescribe forms of process, writs, pleadings and motions and the practice and procedure in civil actions at law and to establish one form of civil action and procedure for cases in equity and actions at law was to expedite and simplify the administration of justice. If the rules are to have vitality and accomplish their purpose, they must be followed.

■ Rule 41(b) provides the equivalent of a non-suit in an action at law on motion by the defendant after the completion of evidence by the plaintiff, and applies to all actions tried without a jury. See Committee Notes, subdivision (b), (3) Moore's Federal Practice, 3035. The purpose of the rule was to avoid expense and delay incident to proceeding further with a trial, and in jury trials if a defendant's motion is overruled, and he proceeds with proof, he waives the right to claim error, but must move for a directed verdict at the termination of the proof in order to lay a basis for review. Where the jury is waived, the defendant need make no request or motion at the termination of the case in order to obtain review of the evidence on appeal if the court discharges the duty imposed on it to make findings of fact under Rule 52(a). (3) Moore's Federal Practice, 3044, 3045.

■ Prior to the adoption of the Rules, a motion for an involuntary non-suit in actions at law tried by a jury was treated as the equivalent of a motion for a directed verdict. Central Transportation Company v. Pullman Car Company, 139 U.S. 24, 39, 11 S.Ct. 478, 35 L.Ed. 55. The rules retain this concept in jury cases (Jacob v. City of New York, 315 U.S. 752, 756, 62 S.Ct. 854, 86 L.Ed. 1166) and in such cases, a motion to dismiss at the conclusion of plaintiff's evidence should be overruled if, in the testimony which has been introduced, there is substantial evidence favoring the facts of plaintiff's case and this though there is evidence also opposing such substantial evidence and conflicting therewith. Jenkins & Reynolds Company v. Alpena Portland Cement Company, 6 Cir., 147 F. 641. The court is obliged to deny the motion even though as a trier of the facts, the court would on the plaintiff's case find against him. The question is one of law.

In jury-waived law cases under the procedure existing prior to the adoption of the rules, the court being the trier of the facts, had the right to apply its judgment to plaintiff's evidence at the end thereof, even though there was conflict or differing inferences to be drawn. The appellate court could review the evidence only when the trial court found the facts specially and stated separately its conclusions of law. If a motion to dismiss was granted, the court decided the facts in lieu of the jury.

In equity, dismissal of a bill at the close of plaintiff's case before defendant presented his evidence, was not correct practice in the absence of express provision of a statute or rule to the contrary. The case being set down for hearing on the bill, answer and proof, if defendant was willing to risk his case upon the failure of plaintiff to prove his case, the rule prevailed that defendant submitted to the court for final hearing. 30 C.J.S., Equity, § 570.

Under Equity Rule 70½, 28 U.S.C.A. § 723 Appendix, it was the duty of the District Court to make special formal findings of fact and state separately its conclusions of law thereon, determining all of the issues in the case. Under 28 U.S.C.A. § 773, issues of fact in civil cases in any District Court could be tried and determined without the intervention of the jury upon a written stipulation of waiver. The findings of the court upon the facts could be either general or special and had the same effect as a verdict of the jury. Under Section 875 of the same title, the appellate court was authorized to review the sufficiency of the facts found to support the judgment when the court's findings were special under Section 773. In equity cases, on appeal, the findings of fact were reviewable, both as to the weight of the supporting evidence and the sufficiency thereof. The review extended to the facts and to the law. Keller v. Potomac Electric Company, 261 U.S. 428, 43 S.Ct. 445, 67 L. Ed. 731. The rules abolished the distinction theretofore existing between law and equity practice and left a distinction only between jury and non-jury actions. In order to establish general uniformity, the fuller equity review of both law and facts was applied to all non-jury actions, and the distinction between law and equity was abolished by providing for only one form of action. (3) Moore's Federal Practice, 3118. In a note appended to Rule 52 by the Advisory Committee, it is stated inter alia that the provisions of 28 U.S.C.A.,

§ 773 (Trial of issues of fact by court) and Section 875 (Review in cases tried without a jury) are superseded insofar as they provide a different method of finding facts and a different method of appellate review.

It is clear it was intended by adoption of the rules to relieve the defendant in an equity case of the risk of having his proof cut off if he failed on a motion to dismiss at the conclusion of plaintiff's evidence and that it was intended to give the trial court the power to weigh the evidence and draw inferences therefrom at the conclusion of plaintiff's proof in both law and equity cases.

When it is remembered that the purpose of the Rules of Practice is to expedite the trial of cases, it would seem that the trial court should be able to dispose of cases at the earliest opportunity and to this end, that it should have the power to weigh the evidence and consider the law at the end of plaintiff's case in jury-waived actions or in equitable proceedings. A plaintiff is deprived of no right by such procedure and a defendant is relieved of the burden of going forward, and no constitutional rights of either party are invaded. In the case of Porter v. Wilson, 239 U.S. 170, 36 S. Ct. 91, 92, 60 L.Ed. 204, the court was considering the constitutionality of a statute of Oklahoma under which the trial court on a demurrer to the evidence for the plaintiff could weigh the testimony and determine the rights of the respective parties. The statute in question provided, "The provisions of this article respecting trials by jury apply, so far as they are in their nature applicable, to trials by the court."

The contention was made that the statute violated the due process clause of the Fourteenth Amendment, because it gave the court the power to weigh conflicting evidence on a demurrer to the evidence and that due process required that such demurrer be treated only as a proposition of law and not as one of fact and the conflicting evidence could not be considered by the court under the statute if there was evidence to support the claims of the demurree. The Supreme Court adopted the reasoning of the Oklahoma Court and in sustaining the constitutionality of the statute, said, "The substantial rights of the plaintiff were not affected, as she had introduced her evidence and rested her case. She was not caused to change her position, nor did she suffer any disadvantage in the procedure adopted." The court further said, "The contention of plaintiff that the Constitution of the United States is violated is untenable." While the cited case viewed the question from the standpoint of the plaintiff, the position of a defendant in such case would be less tenable because he would be deprived of no right whatever by the weighing of the evidence by the court on his motion to dismiss under Rule 41(b). If the trial court committed error in this respect, on reversal the defendant clearly would have the right to proceed with the introduction of his evidence under the rule. Any other construction would lack common sense.

In the case of Federal Deposit Insurance Corporation v. Mason, 3 Cir., 115 F.2d 548, a non-jury case, the court decided that an order of dismissal under Rule 41(b) was the equivalent of a directed verdict and that upon review of such an order, the evidence and all inferences reasonably to be drawn therefrom must be viewed in the light most favorable to plaintiff. The same rule was approved in the case of Schad v. Twentieth Century-Fox Film Corporation, 3 Cir., 136 F.2d 991. Hence, in such case, the court was obliged to deny the motion even though as a trier of the facts it would find against the plaintiff and consequently no findings of fact were necessary on appeal as the question was purely one of law.

In the case of Thomas v. Peyser, 73 App.D.C. 155, 118 F.2d 369, the appeal was from an order of the District Court dismissing appellant's petition for an allowance of attorney's fees from a fund in the hands of a receiver. The facts were set up in the petition and in the motion to dismiss. The court there said that appellant's contention that the trial court should have made findings of fact under 52(a) was without merit as the case was not tried upon the facts which were admitted, and that obviously there need be no fact finding where facts were not in issue. In the case of Gary Theater Company v. Columbia Pictures Corporation, 7 Cir., 120 F.2d 891, the action was under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and was tried before the judge without a jury. At the close of plaintiff's evidence, defendants moved for a dismissal on the ground that upon the facts and law, plaintiff had shown no right to relief. The trial judge made special findings of fact

upon which judgment for defendant was entered. The court there decided that under Rule 41(b) the judgment supported by findings was an adjudication upon the merits, inasmuch as defendants moved for dismissal upon the ground that under the facts and law, plaintiff had shown no right to relief and that the question on review was whether the findings were supported by the evidence and that if they were, the court could not set them aside unless clearly erroneous.

In the case of Young v. United States, 9 Cir., 111 F.2d 823, 825, a trial by the court without a jury, the action was to recover upon a policy of War Risk Insurance. At the conclusion of plaintiff's proof, the United States moved for a dismissal on the ground of insufficient evidence. Appellant urged on appeal that the question to be determined was whether there was sufficient evidence to take the case to the jury, had there been a jury. The court said: "The appellant is in error in that regard for the judgment of the court was on the merits. The rules so provide. Rule 52(a) of the Federal Rules of Procedure, 28 U.S.C.A. following section 723(c), requires that there shall be findings of fact and conclusions of law 'in all actions tried upon the facts without a jury.' "

The court decided it could not disturb the findings of fact of the trial court unless they were clearly erroneous.

■ Since Equity Rule 70½ was the progenitor of Rule 52(a) the latter was advisedly made mandatory and its language "shall find the facts specially and state separately its conclusions of law" makes the rule applicable to every action tried upon the facts without a jury and where a case is decided on the facts on motion to dismiss under 41(b) the court is required to comply with Rule 52(a). Interstate Circuit v. United States, 304 U.S. 55, 58 S.Ct. 768, 82 L.Ed. 1146; Mayo v. Lakeland Highlands Canning Company, 309 U.S. 310, 316, 60 S.Ct. 517, 84 L.Ed. 774.

It would be supererogation to discuss the purpose of Rule 52(a) since that subject is fully covered in reported cases and in text books. Cyclopedia of Federal Procedure (2nd Ed.), Vol. 10, Sec. 5077, 5078; Matton Oil Transfer Corporation v. The Dynamic, 2 Cir., 123 F.2d 999.

■ So far as appellants are concerned, they have advanced their whole cause by putting in all of their evidence and it would be a refinement of technicality to say that such evidence and all reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the appellants and if there be any substantial evidence supporting their claim, the court must put the appellees to proof. The sensible course to be followed in the trial of cases by the court without a jury is that if, at the close of plaintiff's proof, his case has not been made out by a preponderance of evidence, the action should be dismissed, which makes the question one of fact.

The judgment is reversed and the case remanded with directions to the District Court to state its findings of fact and conclusions of law as required by Rule 52(a). If an appeal is taken from the judgment thereafter rendered, it will be possible to make use of the present record if there is filed with it a supplement containing the proceedings herein ordered.