### CHANADY v. DETROIT SHEET METAL WORKS.

No. 5468.

District Court, E. D. Michigan, S. D. Feb. 20, 1946.

Motion for New Trial Denied March 1, 1946.

Roy A. McGinty, of Melvindale, Mich., and Davidson & Beauchamp, of Detroit, Mich., for plaintiff.

Humphreys Springstun, of Detroit, Mich., for defendant.

LEDERLE, District Judge.

### Findings of Fact

1. This action was instituted January 15, 1946, claiming some $4,500 in allegedly unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The case was tried without a jury, and at the close of plaintiff's case in chief defendant moved for judgment of no cause of action under Federal Rules of Civil Procedure, Rule 41(b), 28 U.S.C.A. following section 723c. In accordance with Bach v. Friden Calculating Machine Co., 6 Cir., 1945, 148 F.2d 407, these findings and conclusions are being made on such motion.

2. Defendant was engaged in the production of goods for commerce in connection with the manufacture of armaments used in World War II. Plaintiff's entire employment with defendant related to and was a part of this activity.

3. In August, 1944, defendant advertised in the newspapers for a manager to supervise the installation and operation of a paint shop to paint and process such armaments. Plaintiff answered the advertisement and was employed for such position at a salary of $65 per week, with an arrangement for a share in the profits to be derived from operation of the paint shop. Defendant's main plant is located at 1300 Oakman Boulevard, Detroit, Mich. A building was obtained for the paint shop on Cavalry Avenue, in this city, about nine miles from the main plant. From the time plaintiff was hired until painting operations commenced some weeks later, plaintiff supervised and directed the installation, outfitting and equipment of this paint shop. The paint shop was operated until the armament contract was terminated in the summer of 1945, when plaintiff supervised and directed the dismanteling and closing of the paint shop. Thereupon his employment with defendant terminated.

4. During the entire course of his employment plaintiff managed and supervised the operation of the paint shop. He had complete charge of the shop and exercised wide discretionary powers. He had a number of part time and full time employees under him. He was responsible to no one other than defendant's officers, who were located at the main plant. Plaintiff decided when, how and by whom all operations were conducted at the paint shop. He organized, directed and instructed all other employees of the paint shop as to their duties and work. He decided how many employees to have on duty in the paint shop, what hours they were to work, and what duties they were to perform. He personally kept the time records of all other employees of the paint shop, which he sent in weekly to the main plant for payroll purposes. No official records of his own time were kept or turned in to defendant, although plaintiff produced at the trial a series of cards which he had prepared for his own use,

582

showing average daily working hours of himself during the latter part of his employment as twelve per day, which he testified was an accurate estimate of hours he had worked. Plaintiff decided when and the quantity and kind of supplies and equipment to requisition for the paint shop. He interviewed prospective employees for the paint shop. His suggestions as to hiring or firing and as to the advancement and promotion or any other change of status of other employees of the paint shop were given particular weight. Plaintiff spent in excess of 20% of his time performing manual duties of the same nature as that performed by other employees of the paint shop under his direction.

5. The paint shop was a physically separated branch establishment of the defendant, and plaintiff was in sole charge thereof.

### Conclusions of Law

1. This is an action brought under the Fair Labor Standards Act of 1938, an Act of Congress regulating commerce, and the parties being located in this District, this court has jurisdiction. 29 U.S.C.A. § 201 et seq.; 28 U.S.C.A. §§ 41(8), 112; Robertson v. Argus Hosiery Mills, 6 Cir., 1941, 121 F.2d 285, certiorari denied 314 U. S. 681, 62 S.Ct. 181, 86 L.Ed. 544.

2. When it appears, as here, that plaintiff-employee is in sole charge of all activities of a physically separated branch establishment of defendant-employer, engaged in the production of goods for commerce, that he supervises all activities carried on at such establishment, that every employee of such establishment is under his supervision, that his primary duty is management and supervision of such establishment, that he customarily and regularly directs the work of other employees therein, that his suggestions as to hiring and firing are given particular weight, that he customarily and regularly exercises discretionary powers, and that he is compensated for his services on a salary basis of not less than $30 per week exclusive of found, the overtime wage provisions of said Act do not apply to him. 29 U.S.C.A. § 213(a) (1), as defined by the Wage and Hour Admr. in regulation appearing in 1940 Supp.Code of Fed.Reg., Title 29, Sec. 541.1.

3. It therefore follows that defendant's motion for judgment of no cause of action must be granted, and such judgment is being entered simultaneously herewith.