## MICHENER. v. UNITED STATES.
### No. 13909.

United States Court of Appeals
Eighth Circuit.
Nov. 1, 1949.

---

Elliott W. Michener, in propria persona, on brief for appellant.

John W. Graff, United States Attorney, and James J. Giblin, Assistant United States Attorney, St. Paul, Minn., on brief for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

This appeal is from an order denying appellant's motion to vacate sentence and judgment entered against him on May 12, 1936, in the District Court of Minnesota, and granting appellee's motion to dismiss appellant's motion. The parties will be referred to as they were designated in the trial court. The grounds for this motion were substantially as follows: (1) Defendant's plea of guilty to Count 2 was obtained by means of misrepresentations made by the Assistant United States Attorney. These misrepresentations were to the effect that "if defendant pleaded guilty he would doubtless be allowed to begin service of his sentence in a Federal penitentiary instead of being returned to Wisconsin," and that defendant would not be permitted to plead guilty to a part of the indictment but only to the whole indictment. (2) Defendant was deprived of his constitutional rights to due process because of misstatements made by the Assistant United States Attorney before the trial to the effect that defendant had been fully informed of his constitutional rights. (3) The trial court failed in its solemn duty to protect the constitutional rights of the defendant appearing without counsel for the avowed purpose of pleading guilty. Specifically, the trial court failed to determine whether there was a knowing and intelligent waiver of the right to counsel, failed to consider the sufficiency of the indictment, and failed to explain the indictment and to advise the defendant that it was possible for him to be guilty under the first count without being guilty under the second count and that he could so plead; neither did the court advise him of the penalties which could be imposed. (4) Defendant's plea of guilty to Count 2 was not understandingly or voluntarily made. In support of his motion defendant attached thereto copy of the indictment under which he had been sentenced, copy of journal entry showing his plea of guilty, copy of the judgment and sentence, his own affidavit, certified copy of the transcript of the testimony of the Assistant United States Attorney who was alleged to have made the misrepresentation, as taken in another proceeding, affidavit of Richard C. Franseen, and copy of letter from the United States Marshal addressed to defendant. The plaintiff offered no evidence.

The court in deciding the case filed no opinion, nor did it make findings of fact and conclusions of law with respect to the issues presented.

Section 2255, Title 28 U.S.C.A., provides that a prisoner under sentence of a court of the United States claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or otherwise subject to collateral attack, may move the court imposing the sentence to vacate it, set it aside, or correct it, and that such motion may be made at any time. The Act then provides, "Unless the motion

and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

It is contended by defendant that his plea of guilty was obtained by misrepresentations and that he was prejudiced by the statements made by the Assistant United States Attorney which induced his plea of guilty to both counts of the indictment; that defendant was deprived of his constitutional rights because the Government attorney erroneously advised the court before sentence that he had advised defendant of his constitutional rights; that defendant did not intelligently, competently and intentionally waive assistance of counsel at the time of arraignment, and that defendant was prejudiced by the fact that he did not understand the two counts of the indictment and that he could plead guilty to Count 1 without pleading guilty to Count 2, which he would have understood had he had the assistance of counsel. These claims are all controverted by plaintiff. We find no answer to these contentions, except as they may be gathered from the order of the court denying the defendant's motion.

■ The requirement of Section 2255, Title 28 U.S.C.A., with reference to the making of findings of fact and conclusions of law is similar to that embodied in Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A., which, in turn, is a practical embodiment of the old Equity Rule 70½. The purpose of the requirement that findings of fact and conclusions of law be made by the trial court is (1) to enable the appellate court to determine the grounds upon which the trial court reached its decision; (2) to enable the defeated party to determine whether the case presents a question worthy of consideration by the appellate court; and (3) to spare the appellate court the necessity of searching the record in order to supply findings of fact.

If the appellate court is without knowledge of the grounds of the trial court's decision it is deprived of important assistance in the consideration of the case and will be subjected to much unnecessary labor. Cleveland, C., C. & St. L. R. Co. v. United States, 275 U.S. 404, 48 S.Ct. 189, 72 L. Ed. 338; Interstate Circuit, Inc., v. United States, 304 U.S. 55, 58 S.Ct. 768, 82 L.Ed. 1146; Continental Illinois Nat. Bank & Trust Co., of Chicago v. Ehrhart, 6 Cir., 127 F.2d 341; Kelley v. Everglades Drainage Dist., 319 U.S. 415, 63 S.Ct. 1141, 87 L.Ed. 1485.

■ Proof having been submitted, it can not, we think, be said that this case involved only a question of law. It ultimately depended upon the decision of a question of law based upon the facts and this court is entitled to know what facts the court found as the basis for its decision. Under this statute there is a preliminary question to be determined and that is whether or not "the motion and the files and records of the court conclusively show that the prisoner is entitled to no relief." If the court so concludes it will proceed no further but unless it so finds then the court "shall cause notice thereof to be served upon the United States Attorney." In the instant case such notice was caused to be served and we must assume that the court determined that it did not conclusively appear that the defendant was entitled to no relief. The evidence before the court was such that it has elicited on behalf of the plaintiff argument as to the facts to be gathered from it. The trial of an action is not completed when the last witness is sworn nor when counsel's last argument is submitted to the jury or court. If it is a jury case there must be a verdict followed by a judgment. If the case is tried to the court without a jury it is incumbent upon counsel for the prevailing party to see that proper findings of fact and conclusions of law in conformity with the decision of the court are prepared and filed, as well as to see that judgment has been entered. As the statute under which the proceeding was brought makes specific requirement that findings of fact and conclusions of law be made, we think the record incomplete in this regard. Humphrey v. Helgerson, et al., 8 Cir., 78 F.2d 484; National Popsicle

Corp., v. Icyclair, 9 Cir., 119 F.2d 799; Perry v. Baumann, 9 Cir., 122 F.2d 409; Interstate Circuit, Inc. v. United States, supra.

The order appealed from is therefore vacated and the cause remanded to the trial court with directions to make findings of fact and conclusions of law on the record as it now stands without a retrial.