**MESECK TOWING LINES, Inc. v. UNITED STATES.**

**THE EUGENE MESECK.**

**THE AUGUSTINE.**
No. 232, Docket 22318.

United States Court of Appeals
Second Circuit.

Argued May 8, 1952.

Decided June 9, 1952.

Robert S. Erskine, New York City (Kirlin, Campbell & Keating and Malcolm D. Sylvester, all of New York City, on the brief), for libelant-appellant.

Charles A. Blocher, New York City (Myles J. Lane, U. S. Atty., New York City, on the brief), for respondent-appellee.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This appeal is from a decree of the district court dismissing a libel for damages to libelant's tug, the Eugene Meseck, in collision with another of libelant's tugs, the Augustine. Both tugs—together with some seven others—were assisting the United States Battleship Wisconsin into berth at Bayonne, New Jersey, on April 12, 1947. The Meseck was stationed at the port bow, and the Augustine on the port quarter. The Wisconsin was to berth with her port side next to the dock. Hence it was necessary for both tugs to disengage before the Wisconsin entered the slip. As they maneuvered away, the Augustine rammed and damaged the Meseck. Libelant seeks to hold the United States because of the navigation of the Wisconsin.

Libelant explains the accident thus: The Wisconsin approached the dock under her own power at a greater than usual speed. The projecting wing of an airplane on the stern of the Wisconsin made it impossible for the Augustine to disengage by merely backing to reduce headway. Hence she was forced to go forward with hard left rudder, a course which took her toward the Meseck. At that moment the Wisconsin reversed her engines and the quickwater or screw current thus stirred up propelled the Augustine into her sister ship in spite of efforts to stay clear.

The district court concluded, however, that "the claim of the Augustine that she was controlled by the Wisconsin's quickwater cannot be determined with conviction." Accordingly it dismissed the libel. This somewhat indirect approach to a negative finding is bitterly challenged by libelant. We are not unmindful of the Supreme Court's insistence on appropriate and explicit findings. Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 60 S.Ct. 517, 84 L.Ed. 774; Interstate Circuit, Inc. v. United States, 304 U.S. 55, 58 S.Ct. 768, 82 L.Ed. 1146. Nevertheless we think that under our holding in Commercial Molasses Corp. v. New York Tank Barge Corp., 2 Cir., 114 F.2d 248, 250, affirmed 314 U.S. 104, 62 S.Ct. 156, 86 L.Ed. 89, what we have here, "though negative in form," is also "as much a 'finding' as an affirmative finding." For the district court to hold, as it did, that the causation was indeterminable on the facts has the same function on appeal as would a direct statement that the plaintiff had failed to satisfy the burden of proof.

The finding here necessarily goes to the heart of the case, for liability cannot be imposed for negligence which had no bearing on the collision. It must stand as supported by adequate evidence. Kilgust v. United States, 2 Cir., 191 F.2d 69; Matton Oil Transfer Corp. v. The Dynamic, 2 Cir., 123 F.2d 999. Certain witnesses present on the Wisconsin, having observed the mud thrown to the surface by the Wisconsin's reversal as well as the accident, testified that the quickwater had not reached the Augustine at the time she collided with the Meseck. We certainly are in no position to reject this positive (although controverted) testimony on libelant's theoretical argument that there must have been a more extensive undersurface movement of the water. Evaluation of such testimony was properly for the trial judge.

In fact there was even evidence of an alternative causative factor in the testimony adduced that the Augustine's screw was turning forward. It is now said, however, that the court was bound to accept the contrary claims by the Augustine's captain. It is true that The George W. Peavey, D.C.W.D.N.Y., 173 F. 715, 717, affirmed 2 Cir., 183 F. 571, and The Fayette Brown, D.C.N.D.Ohio, 198 F. 684, 686, state preferences by the presiding trial judges for testimony by one present as to what occurred on board. But such a preference is certainly in no way conclusive. The force of the testimony given even by one in a most favored position to observe must rest on the court's determination of his credibility and reliability.

Our affirmance need not rest on the conclusion as to the quickwater alone. Even if we grant the assumption arguendo that it powerfully affected the Augustine's movements, there is nothing to compel the conclusion that the Wisconsin's pilot was actually negligent in his navigation. It is

true that he was responsible for her speed. But the mere fact that this was somewhat greater than normal is not conclusive that it was a proximate cause. The City of New York, 2 Cir., 54 F. 181, 183, 184; The Olympic, 2 Cir., 224 F. 436, affirming D.C. S.D.N.Y., 221 F. 296. The collision was the product of a number of significant variables, including the maneuvers of at least these two tugs, over which he had no control. That they should result uniquely in this collision was hardly to be foreseen. Brady v. Southern Ry. Co., 320 U.S. 476, 483, 484, 64 S.Ct. 232, 88 L.Ed. 239.

Affirmed.