## UNITED STATES v. COOK.
### No. 10889.

United States Court of Appeals,
Seventh Circuit.
Nov. 12, 1953.

Prentice H. Marshall, Chicago, Ill., for appellant.

John B. Stoddart, Jr., U. S. Atty., Springfield, Ill., Marks Alexander, Robert B. Oxtoby, Asst. U. S. Attys., Springfield, Ill., for appellee.

Before MAJOR, Chief Judge, FINNE-GAN, Circuit Judge, and PLATT, District Judge.

PER CURIAM.

Defendant is presently incarcerated in the Federal Penitentiary at Leavenworth, Kansas, pursuant to a judgment entered July 12, 1951, in the United States District Court for the Southern District of Illinois, Northern Division. The judgment was entered upon defendant's plea of guilty to an indictment charging a violation of several provisions of the Federal statute relative to the importation, sale, exchange, etc. of narcotic drugs. On September 2, 1952, pursuant to Section 2255 of Title 28 of the United States Code, defendant, acting *pro se,* filed his motion to vacate the judgment, assigning several grounds as the basis for a declaration by the court that it was void and of no effect.

The government filed its answer, denying the material allegations of defendant's motion. Thereafter, on March 18, 1953, a hearing was had upon the issues thus presented, at which defendant was represented by a court-appointed counsel. The court heard the testimony of numerous witnesses, including defendant, at the conclusion of which defendant's motion to vacate was denied. From this order of denial defendant appealed to this court.

Mr. Prentice H. Marshall, a member of the Chicago bar, was appointed to represent the defendant, and he has thoroughly and ably presented defendant's contentions, both in a written brief and in oral argument. We take the liberty of expressing the appreciation of the court for the valuable assistance rendered by this court-appointed counsel.

Section 2255 provides that after a hearing the court shall "determine the issues and make findings of fact and conclusions of law with respect thereto." This requirement of the statute on its face appears to be mandatory, and it has been so held. Michener v. United States, 8 Cir., 177 F.2d 422. Unfortunately, the District Court in the instant matter failed to make findings of fact and conclusions of law as a premise for the order appealed from.

The government suggests that the order appealed from be reversed, with directions that it be vacated, so that the District Court may be given an opportunity to make findings of fact and conclusions of law pursuant to the statute, with an appropriate order predicated thereon. Defendant's counsel, while making an all-out attack upon the validity of the judgment by which the defendant is incarcerated, recognizes that there is a mandatory duty imposed upon a District Court to make findings of fact and conclusions of law as a prerequisite to a valid order entered on a motion to vacate.

We have concluded, with some reluctance, to follow the suggestion made by the government. We say with some reluctance because we are doubtful if such action, under the circumstances of the case, will serve any good purpose. However, orderly procedure, as well as the risk of establishing an unwholesome pre-

cedent, leads us to the view that the course suggested should be adopted.

The order appealed from is, therefore, reversed, with directions that it be vacated, that findings of fact and conclusions of law be made and an appropriate order entered.