**UNITED STATES of America, Plaintiff,**

v.

**ONE ASSORTMENT OF 25 FIREARMS, Defendant.**

**No. CIV-2-78-60.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 16, 1979.

On the Merits Jan. 2, 1980.

John H. Cary, U. S. Atty. by Richard K. Harris, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Luther H. Icenhour, Jr., Bristol, Tenn., for defendant.

## MEMORANDUM AND OPINION

NEESE, District Judge.

The Court is presented with an ostensible "stipulation of dismissal" of this proceeding and an agreed "order" of disposition of the defendant firearms. Such "stipulation" and "order" were signed by counsel for the plaintiff and counsel (who designated himself thereon as "Attorney for Defendant") for the claimant Mr. Robert E. Sheffield.

This is a proceeding by the national sovereign for the condemnation and enforcement of the forfeiture of 25 certain firearms seized within this district for the violation of a federal statute. 26 U.S.C. § 7323(a).[1] It is claimed by the plaintiff that they were involved in a violation of 18 U.S.C. § 922(m)[2] and regulations promul-

---

1. " * * * The proceedings to enforce forfeitures [of things seized under the provisions of title 26, ch. 75] shall be in the nature of a proceeding in rem in the United States District Court for the district where such seizure is made." 26 U.S.C. § 7323(a).

2. " * * * It shall be unlawful for any licensed * * * dealer * * * [in firearms] * * * to fail to make appropriate entry in, or to fail to properly maintain any record which he is required to keep pursuant to section 923 of this chapter [title 18, ch. 44] or regulations promulgated thereunder." 18 U.S.C. § 922(m).

gated thereunder and are subject to forfeiture.[3]

Counsel for the plaintiff and aforenamed claimant would have the Court enter the foregoing documents, containing a declaration of condemnation and forfeiture of a certain 9 of the seized firearms and an order of disposition of all 25 of them. Their proposals may have their genesis in the fact that Mr. Sheffield has pleaded guilty in this Court to an indictment charging him with a violation of the federal firearms law involving those weapons.

■ Regardless of the result of the indictment against Mr. Sheffield, a proceeding to condemn and forfeit property may not be disposed of by the unilateral action of the plaintiff and a claimant thereof only. The object of this proceeding is to ascertain whether the seizure of the defendant firearms was rightful and whether forfeiture is, or is not, incurred; and the judgment of this Court will act upon the defendant firearms themselves and bind the interests therein, not only of the claimant Mr. Sheffield, but of the whole world. *See* 36 Am. Jur.(2d) 641, Forfeitures and Penalties, § 47. This, whether Mr. Sheffield or anyone else appeared herein. *Idem.*

■ The Supreme Court explicated the respective roles of a convicted wrongdoer and property in a forfeiture proceeding this way:

A forfeiture proceeding * * * is in rem. It is the property which is proceeded against, . . . held guilty and condemned as though it were conscious instead of inanimate and insentient. In a criminal prosecution it is the wrongdoer in person who is proceeded against, convicted and punished. *The forfeiture is no part of the punishment for the criminal offense.* * * * [Emphases supplied.]

*Various Items of Personal Property v. U. S.* (1931), 282 U.S. 577, 581, 51 S.Ct. 282, 284, 75 L.Ed. 558, 561. Although forfeiture of property for violation of a federal statute is fully subject to the Federal Rules of Civil Procedure, 9 Wright & Miller, Federal Practice and Procedure 687: Civil § 2573, the plaintiff may not dismiss this proceeding voluntarily by filing a stipulation of dismissal signed by all the parties who have appeared in this proceeding, Rule 41(a)(1)(ii), Federal Rules of Civil Procedure, because the defendant firearms are inanimate, insentient and incapable of signing such a stipulation (or causing it to be signed).

■■ If, as it appears from the proposals of the plaintiff and the aforenamed claimant, those parties are in agreement as to the facts as they relate to the claim of Mr. Sheffield to 16 of the seized firearms, they may now stipulate a waiver of a jury and submit that claim to the Court upon an agreed statement of the facts. *Commercial Credit Co. v. United States* (1928), 276 U.S. 226, 228, 48 S.Ct. 232, 72 L.Ed. 541, 542. And if, as it appears further therefrom, there is no contest of the facts pertaining to 9 of the seized firearms, the Court may proceed to determine without a jury whether their seizure was rightful and forfeiture thereof is incurred. *Confiscation Cases (United States v. Clarke)* (1874), 87 U.S. (20 Wall.) 92, 22 L.Ed. 320, 324 (headnote 5).

■ In a trial without a jury, the Court must find the facts specially and state separately its conclusions of law thereon, Rule 52(a), Federal Rules of Civil Procedure. This requirement is mandatory in every action tried upon the facts without a jury. *Bach v. Friden Calculating Mach. Co.*, C.C.A. 6th (1945), 148 F.2d 407, 411[6]. The effect of the agreement of counsel is to pretermit by waiver any findings of fact herein, but an agreement of the parties waiving special findings is ineffective. *Berguido v. Eastern Air Lines, Inc.*, C.A. 3d

---

3. " * * * Any firearm * * * involved in * * * any violation of the provisions of this chapter [title 18, ch. 44] or any rule or regulation promulgated thereunder * * * shall be subject to seizure and forfeiture and all provisions of the Internal Revenue Code of 1954 relating to the seizure, forfeiture, and disposition of firearms as defined in section 5845(a) of that Code, shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter." 18 U.S.C. § 924(d). The defendant firearms fall within that definition.

(1966), 369 F.2d 874, 877[1]. Without underlying findings any ultimate conclusion of the Court as to the condemnation and forfeiture of the defendant property would not satisfy Rule 52(a), *supra. Interstate Circuit v. United States* (1938), 304 U.S. 55, 56, 58 S.Ct. 768, 82 L.Ed. 1146, 1147 (headnote 1).

 Firearms are used ordinarily for lawful purposes; so, before the defendant firearms may be condemned and their forfeiture enforced, there must have been a showing that they are guilty of violating 18 U.S.C. § 922(m). *United States v. $1,963 in United States Money*, D.C.Tenn. (1967), 270 F.Supp. 396, 401[11]. Forfeitures are not favored and should not be enforced unless they are within the letter and the spirit of the law. *Ibid.*, 270 F.Supp. at 398[5]; *Epps v. Bureau of Alcohol, Tobacco & Firearms*, D.C.Tenn. (1973), 375 F.Supp. 345, 348[3], affirmed C.A. 6th (1974), 495 F.2d 1373 (table).

 The plaintiff has the burden of proving its right to condemnation and forfeiture of the 9 seized firearms by a preponderance of the evidence. *United States v. One 1965 Buick*, C.A. 6th (1968), 392 F.2d 672, 679[14], on petition to rehear 397 F.2d 782. However, after the plaintiff has presented a *prima facie* case of involvement of the 9 seized firearms in illegal activity, if Mr. Sheffield and any other claimant stand mute, their silence will be viewed as a strong confirmation of the charge against the defendant firearms. *United States v. United States Coin & Cur. in Amount of $8,674.00*, C.A. 7th (1967), 379 F.2d 946, 948[3], vacated on other grounds *sub nom. Stone v. United States* (1968), 390 U.S. 204, 88 S.Ct. 899, 19 L.Ed.2d 1035, citing *Local 167, I. B. T., etc. v. United States* (1934), 291 U.S. 293, 298, 54 S.Ct. 396, 78 L.Ed. 804, 809 (headnote 7).

Furthermore, it is for the Court to order delivery of the defendant firearms in accordance with the provisions of 26 U.S.C. § 5872(b) upon their condemnation and forfeiture.

If within 20 days herefrom, counsel for the plaintiff and the claimant Mr. Sheffield

stipulate a waiver of a jury herein and submit his claim to 16 of the defendant firearms upon an agreed statement of the facts, *supra*, this action will be assigned for trial by the clerk. If such a stipulation is not timely filed, or if it appears that any fact is in dispute, the clerk will assign this proceeding for a pretrial conference.

## ON THE MERITS

The plaintiff (as libelant) applied to condemn and enforce a forfeiture to the United States of America of certain firearms seized in this district by delegates of the Secretary of the Treasury as having been intended to be used in the violation of the requirements of 18 U.S.C. § 922(m). 26 U.S.C. § 7323(a); 18 U.S.C. § 924(d). The libelant and the claimant Mr. Robert E. Sheffield stipulated a waiver of a jury and submitted an agreed statement of facts as to his claim. The Court received evidence on the alleged violation on December 21, 1979.

 The Court FINDS that Mr. Sheffield, doing business at 109 East State Street, Bristol, Tennessee, as Bob's Confectionary on December 6, 1976 and May 3, 1977, among other dates, held license no. 1–62–082–01–09709 as a dealer in firearms under the provisions of the United States Code, title 18, chapter 44, and was required on those dates by 18 U.S.C. § 923(g) to keep records of his receipts and sales of firearms and ammunition; that, on the former date, such claimant knowingly failed to make an appropriate entry in and failed to properly maintain a record of the receipts and sales of a 25-cal. Titan pistol and a 7.7-cal. Japanese-style rifle, and, on the latter date, failed to make an appropriate entry in and failed to maintain a record of the receipts and sales of a Belton 7.92-cal. rifle and 10 rounds of ammunition; and that, at both such times, the hereinafter described firearms, of a value of $1,710, were intended by such claimant to be used in violation(s) of the aforenumbered chapter.

Upon those findings, the clerk is directed to prepare, enter and sign a judgment that
the Smith & Wesson revolver, 38-calibre, model 10–5, serial number D974612;

**20**

the Smith & Wesson revolver, 38-calibre, model 10–5, serial number D92450;

the H & R shotgun, 20-gauge, single-shot, model Topper-58, serial number AM378697;

the Sears shotgun, 12-gauge, single-shot, model 282–510820, serial number 343074;

the Ruger semi-automatic rifle, 22-calibre, model 10/22, serial number 114–95389;

the Winchester shotgun, 12-gauge, semi-automatic, model 1400, serial number 204060;

the Remington shotgun, 12-guage, semi-automatic, model 48, serial number 3022930;

the Winchester semi-automatic rifle, 22-calibre, lever-action, model 250, serial number B891482; and

the Winchester lever-action rifle, 22-calibre, model 9422, serial number F67611, with case,

seized by the plaintiff's agents on May 16, 1977 at 109 East State Street, Bristol, Tennessee, each, is CONDEMNED and FORFEITED to the United States of America, and that the firearms listed in exhibit 1a to the agreed statement of facts herein as nos. 10–16, inclusive, and 18–25, inclusive, are the property of the claimant Mr. Robert E. Sheffield and are ORDERED to be returned to the designee of such claimant. If there is no remission or mitigation of the foregoing forfeitures, each firearm which has been condemned and forfeited shall be delivered by the delegates of the Secretary of the Treasury who seized such items to the Administrator of General Services, General Services Administration. 26 U.S.C. § 5872(b). All costs of this proceeding will be taxed to the claimant Mr. Sheffield. 26 U.S.C. § 7323(c).