### BARR v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

### No. 10729.

Circuit Court of Appeals, Ninth Circuit.

May 28, 1945.

Joseph C. Haughey and Keith R. Ferguson, both of San Francisco, Cal., for appellant.

Felix T. Smith, Francis R. Kirkham, and William H. MacKay, all of San Francisco, Cal., for appellee.

Before GARRECHT, DENMAN, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment of the district court in a jury waived case. Appellant as beneficiary sued appellee on its policy insuring the life of her husband, Arthur Barr, in the sum of $10,000 and an additional $10,000 in the event that his death is proved to have resulted solely from bodily injuries caused directly, exclusively and independently of all other causes by external, violent and purely accidental means.

Liability for $10,000 was admitted, and the issue before the district court was whether there was a liability for an additional $10,000 because the death was due to the infection of a bite of a tick causing Rocky Mountain spotted fever. On this issue the burden was upon the plaintiff.

The trial proceeded to the conclusion of the plaintiff's evidence, from which the trial judge could have inferred that the plaintiff had not maintained her burden of proof. The court adjudged that she take nothing and dismissed the suit.

We agree that there is evidence warranting the inferences of fact supporting the judgment. We assume there is testimony from which a contrary inference may be drawn. The claimed error remaining for our consideration is whether, under federal procedure, the district court had the power finally to adjudicate the case on the merits at the conclusion of the taking of the evidence offered by the plaintiff.

This court in Young v. United States, 9 Cir., 111 F.2d 823, 825, held that Federal Rules of Civil Procedure 41 (b), 28 U.S. C.A. following section 723c, determines the procedural place at which the court in a jury waived case may decide upon the evidence offered on the issues raised by the

pleadings. Rule 41 (b) provides that such decision on the merits may be made after the plaintiff's evidence is submitted:

"(b) * * * After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

To us the rule embodies sound common sense. It would be absurd to waste the court's time and to impose upon the parties, both waste of their time and that of their counsel and witnesses, together with the unnecessary expense, in offering the defendant's evidence which, with reasonably efficient advocacy, would do not more than enlarge the record.

The three Supreme Court cases cited by appellant, Erie R. Co. v. Tompkins, 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Meredith v. Winter Haven, 320 U. S. 228, 64 S.Ct. 7, 88 L.Ed. 9, and Hawkins v. Barney, 5 Pet. 457, 464, 8 L.Ed. 190, deal with substantive right based upon state law and not procedure. The California cases cited respecting that state's procedure on motions for non-suit would have no relevance even if a non-suit here had been ordered since the Federal Rules of Civil Procedure have displaced the former procedural conformity provisions of 28 U.S.C.A. § 724, R.S. § 914. Here the judgment is on a motion for a final decision on the merits, not for a non-suit.

The judgment is affirmed.