### WHITLEY v. POWELL et al.
#### No. 5503.

Circuit Court of Appeals, Fourth Circuit.
Dec. 23, 1946.

626

Hill Yarborough, of Louisburg, N. C., and John H. Zollicoffer, of Henderson, N. C., for appellant.

Murray Allen, of Raleigh, N. C., for appellees.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal by plaintiff in a crossing accident case from a judgment under Rule 41(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, dismissing the action at the conclusion of her testimony on the ground that, on the facts and the law, she had shown no right to relief. The case was heard by the judge without a jury; and an initial question presented for our consideration is the rule of decision applicable on review. Defendant contends that the action of the lower court must be reviewed as though findings of fact had been made under Rule 52(a) and may not be reversed unless

clearly erroneous. We think it clear, however, that rule 52(a) applies where the judge finds the facts upon the submission of the case to him for judgment, not where he enters an involuntary dismissal under rule 41(b) or directs a verdict under rule 50, and that the rule applicable upon appeal in these latter cases is whether or not the evidence shows a right to relief when considered in the light most favorable to the party against whom the motion for dismissal or directed verdict has been allowed.

The rule stated applies where the case in which dismissal is granted has been heard by the judge without a jury as well as where the trial has been by jury; for the motion challenges, not the weight of the evidence, but its sufficiency, assuming it to be true with all proper inferences drawn in favor of the party relying upon it. For this reason, no finding of facts is made by the judge in granting the motion, but simply a ruling that plaintiff has shown no right to relief. If there is reversal as to this, the appellate court does not find the facts itself, as upon the reversal of findings, but remands the case for further trial. See Federal Deposit Ins. Corporation v. Mason, 3 Cir., 115 F.2d 548, 551; Schad v. Twentieth Century Fox Film Corporation, 3 Cir., 136 F.2d 991, 993; Moore's Fed.Practice, vol. 3, p. 3044.

We are advertent to the fact that, in some Circuits, it has been held that, where a case is heard before a judge without a jury, he may on a motion to dismiss evaluate the testimony and grant the motion on the merits;* but in such case specific findings must be made, and it is these findings which are reviewed under the rule which defendant seeks to invoke. Whether such practice should be given the sanction proposed by the suggested amendment to rule 41(b) (See Federal Rules Decisions, Vol. 5, p. 465) it is not necessary here to inquire. It is sufficient to say that no attempt to adopt the practice was made in this case; and, in the absence of a change in the rule, we do not think it appropriate for the judge to

---

*See Young v. United States, 9 Cir., 111 F.2d 823; Mateas v. Fred Harvey, 9 Cir., 146 F.2d 989; Gary Theatre Co. v. Columbia Pictures Corporation, 7 Cir., 140 F.2d 891; Bach v. Friden Calculating Mach. Co., Inc., 6 Cir., 148 F.2d 407.

find the facts on a motion to dismiss under rule 41(b). This should be done only after both sides have rested and submitted the case for judgment on the merits. Defendant can do this at the conclusion of plaintiff's case, if he so desires; but he should not be held to have done so merely by making a motion to dismiss, which he does without waiving the right to introduce further evidence.

We decide the question of practice because it is raised in the briefs of counsel and is one of considerable importance. In the case at bar, however, we are of opinion that, under the rule that the evidence must be considered in the light most favorable to plaintiff, the judgment dismissing the case was correct and should be affirmed, as the evidence, when so considered, was not sufficient to show a right to relief on the part of plaintiff.

The evidence shows that the crossing accident upon which plaintiff's claim is based occurred around one o'clock in the morning of December 7, 1941, in the town of Franklinton, N. C., where Mason Street crosses the tracks of the Seaboard Air Line Railway. Plaintiff was riding in her own car, which was being driven for her by a friend, one Bud Noble. The tracks of the railway run north and south at the crossing, Mason street east and west; and the car was struck as it was proceeding eastward across the tracks by a passenger train approaching from the south. There were four tracks at the crossing and that on which the train was traveling was the main line track, or the third track to be reached by one traveling eastward on Mason Street. The first track is a house or spur track, and between it and the main line track is what is known as a pass track. From the west rail of the main line track to the pavement west of the crossing is a distance of 37 feet, to the west rail of the spur track 32 feet, and to the east rail of the pass track 18 feet. A person traveling in an easterly direction can see 150 or 200 yards to the south when he reaches the first rail of the spur track, 700 feet to the south when he reaches the second track.

The passenger train which was in collision was the Silver Meteor, one of the streamliners of the Seaboard, traveling, in violation of a municipal ordinance, at a speed of around 60 miles an hour. There was evidence that it did not blow the whistle or ring the bell for the crossing; but its headlight was burning brightly and it was making so much noise that it was heard by a witness in an office 150 yards distant with the doors and windows closed. Plaintiff was sitting on the right side of the seat of her car beside the driver; and she testifies that the car stopped at the first track on reaching the crossing and that she looked and saw the light of the approaching train. The driver then started ahead and was on the main line track when the car stalled. The driver thereupon jumped out of the car and escaped injury but plaintiff failed to get out. There is nothing to indicate that the driver, who has died in the meantime, did not see the light of the approaching train when it was seen by plaintiff and was plainly visible to the driver.

The evidence as to speed and the failure to give crossing signals establishes negligence in the operation of the train, but not that this negligence was the proximate cause of plaintiff's injury. On the contrary it is clearly shown, we think, that the sole cause of the injury was the negligence of driving in front of a train which the driver of the car must necessarily have seen and heard. It is well settled in North Carolina, as elsewhere, that negligence which is not the proximate cause of an injury does not give rise to a cause of action. Smith v. Sink 211 N.C. 725, 192 S.E. 108; Sherwood v. Southeastern Express Co., 206 N.C. 243, 173 S.E. 605, 607, and cases cited.

If the negligence in the operation of the train be considered as one of the causes of the collision, however, there can be no question as to the driver of the car being guilty of contributory negligence. Godwin v. Atlantic Coast Line R. Co., 202 N.C. 1, 161 S.E. 541; McCrimmon v. Powell, 221 N.C. 216, 19 S.E.2d 880, 881. The case last cited involved a collision at this same crossing; and what was said by the Supreme Court of North Carolina in affirming a judgment of non-suit in that case

is particularly appropriate here. The Court said:

"When he approached the railroad plaintiff knew he was entering a zone of danger. He had timely opportunity to see the approaching train and to stop before reaching the live track. He did see, and seeing, chose to attempt to cross ahead of the train —to 'beat it across' while watching it approach out of the corner of his eye. He took his chance and lost.

"Hence, the evidence, as it appears in the record before us, even when considered in the light most favorable to him, leads to the conclusion as a matter of law that plaintiff was contributorily negligent. * * * If he looked and saw when he was on the first track he had ample time and distance within which to stop. If he did not look, after passing the building, until he reached the second track his looking was not timely. And even then he was more than 15 feet from the point at which his automobile was struck."

■ As the car was being driven for plaintiff, who had the right to control the driver in its operation and would have been responsible to a third person for his negligence, there can be no question but that his contributory negligence was imputable to her. Beck v. Hooks 218 N.C. 105, 10 S.E. 2d 608; Baird v. Baird 223 N.C. 730, 28 S.E.2d 225, 226; Harper v. Harper 225 N. C. 260, 34 S.E.2d 185, 189, 190. The rule applicable is stated by the North Carolina Supreme Court in the case last cited as follows:

"The owner of an automobile has the right to control and direct its operation. So then when the owner is an occupant of an automobile being operated by another with his permission or at his request, nothing else appearing, the negligence of the driver is imputable to the owner. * * * In determining whether the doctrine applies, the test is this: Did the owner, under the circumstances disclosed, have the legal right to control the manner in which the automobile was being operated—was his relation to its operation such that he would have been responsible to a third party for the negligence of the driver? 38 Am.Jur. 931. If the owner possessed the right to control, that he did not exercise it is immaterial."

■ There was testimony to the effect that plaintiff was a moron with an intelligence no greater that that of a twelve year old child; and it is argued that for this reason the negligence of the driver should not be imputed to her. No authority is cited in support of this proposition, and we know of none. Plaintiff cites decisions to the effect that the contributory negligence of a parent is not imputable to a child injured by the negligence of another; but these cases are manifestly not in point. Plaintiff, although not of a high order of mentality, was not a child, but a person of full age and sui juris. She had legal right and power to appoint an agent or servant, and there was no reason why she could not assume toward Noble, with respect to the operation of the automobile, a relationship to which, in the language of Harper v. Harper, supra, "the law of agency is applied."

It is argued that plaintiff herself was guilty of contributory negligence in allowing Noble to drive in front of the approaching train; but in view of what has already been said we need not go into this. There was no error, and the judgment appealed from will be affirmed.

Affirmed.