ALBERT MABEY, PLAINTIFF-APPELLANT, v. EDWIN O. HANSEN, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 7, 1960—Decided March 11, 1960.

Before Judges GOLDMANN, FREUND and HANEMAN.

*Mr. Harry R. Hill, Jr.,* argued the cause for appellant (*Messrs. Backes & Backes,* attorneys).

*Mr. Foster M. Voorhees, III,* argued the cause for respondent.

The opinion of the court was delivered by
GOLDMANN, S. J. A. D.      This is an appeal from a county district court judgment granting defendant's mo-

tion for involuntary dismissal at the close of plaintiff's case on the ground that $50 paid by defendant to plaintiff was full settlement of the latter's claim.

The case was tried without a jury. No stenographic record was made. The parties have filed statements of the evidence and proceedings, approved by the trial judge, pursuant to R. R. 1:6–3, from which the essential facts may be gleaned.

Plaintiff sued to recover for property damage to his automobile resulting from defendant's negligence in making a left-hand turn directly into his path. Plaintiff was proceeding north, and when he was almost through the intersection defendant, driving south, cut sharply in front of him. Plaintiff tried to avoid the accident by turning to the right. The accident occurred in plaintiff's lane of traffic and on the north side of the intersection. Damages were stipulated at $163.10.

On cross-examination plaintiff admitted he had received $50 from defendant and given him a receipt for that sum "in payment of damage to my car." On redirect plaintiff explained that following a hearing in municipal court, he and defendant met outside and discussed the damages arising out of the accident. Plaintiff told him his damage was $163.10 and his out-of-pocket loss $50, and that he wanted this $50. Plaintiff further testified that the $50 he received was not payment in full for his damages. Asked what it was for, he said it represented $50 of his total damage. At this point the trial judge questioned plaintiff and again inquired what the $50 was for. Plaintiff said he had told defendant he had $50 deductible and the payment was for this deductible.

In granting defendant's motion for involuntary dismissal the trial judge stated that, without reference to plaintiff's proof of defendant's negligence, he was granting the motion because he considered the $50 as payment in full for plaintiff's property damage.

Plaintiff claims that the trial judge erred in granting the motion where plaintiff had established negligence which was

the proximate cause of his damage, and had denied defendant's sole defense of payment. The contention is that on a defendant's motion for involuntary dismissal at the close of a plaintiff's case, the trial court must accept as true all evidence which supports plaintiff's position and give him the benefit of all legitimate inferences which may possibly be drawn therefrom. It is asserted that the trial judge may not weigh the evidence at that stage of the proceedings; and that where fair-minded men might honestly differ as to the conclusion to be drawn from plaintiff's proofs, final determination of the issue should be suspended until defendant has presented his case.

Plaintiff overlooks *R. R.* 4:42–2(*b*), which reads:

"After the plaintiff has completed the presentation of his evidence on all matters other than, if that be in issue, the matter of damages, he shall so announce to the court, and thereupon the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action or any claim against him on the ground that upon the facts and the law the plaintiff has shown no right to relief. *In an action tried by the court without a jury, the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.* If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 4:53–1. Unless the court in its order for dismissal otherwise specifies, a dismissal under Rule 4:42–2(b) and any dismissal not provided for in Rule 4:42. other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits. Nonsuits are superseded." (Italics ours)

The rule, except for the wording of the first sentence, and the concluding sentence, is essentially *Federal Rule* 41(*b*). The latter was amended in 1946 by inserting the sentence we have italicized in our quotation of *R. R.* 4:42–2(*b*).

Prior to the 1946 amendment of *Federal Rule* 41(*b*) there was a split in federal authority as to the function of the trial court, sitting without a jury, on a motion for dismissal made at the close of plaintiff's case. The Third and Fourth Circuits held that the function of the court was the same as where it sat with a jury; it was obliged to deny the

motion if the evidence, if given in a jury case, would be sufficient to carry the case to the jury, and this even where the evidence was conflicting or involved questions of credibility and the court, as trier of the facts, would find against plaintiff on the evidence. *Federal Deposit Ins. Corp. v. Mason,* 115 *F. 2d* 548 (3 *Cir.* 1940); *Schad v. Twentieth Century-Fox Film Corp.,* 136 *F. 2d* 990 (3 *Cir.* 1943); *Whitley v. Powell,* 159 *F. 2d* 625 (4 *Cir.* 1946). The Sixth, Seventh and Ninth Circuits, on the other hand, held that the question was not whether there was sufficient proof which, in a jury case, would have required that the case be sent to the jury, but that the court itself, as trier of the facts, had a right to apply its own judgment to plaintiff's evidence. These courts held that even if there were two possible inferences to be drawn from plaintiff's case, the court could grant or deny the motion. *Gary Theatre Co. v. Columbia Pictures Corp.,* 120 *F. 2d* 891 (7 *Cir.* 1941); *Bach v. Friden Calculating Machine Co., Inc.,* 148 *F. 2d* 407 (6 *Cir.* 1945); *Barr v. Equitable Life Assur. Society,* 149 *F. 2d* 637 (9 *Cir.* 1945).

As is observed in 5 *Moore's Federal Practice,* § 41.13[4], *p.* 1045 (1951), the position taken by the Third and Fourth Circuits was based on the theory that defendant's motion raised a question of law only. This disregarded the wording of *Federal Rule* 41(*b*) that the ground of the motion for dismissal was that "upon the *facts* and the law the plaintiff has shown no right to relief." (Italics added). The United States Supreme Court, by its amendment of *Federal Rule* 41(*b*) in 1946, adopted the position taken by the Sixth, Seventh and Ninth Circuits, considered by Moore as the better practice, and this for the reason that

"* * * Since the Rules were designed to expedite the trial of cases it is certainly within their purpose that the court should have the power to dispose of the case at the first opportunity, and it is entirely appropriate that the court have the power to weigh the evidence, consider the law, and find for the defendant at the close of plaintiff's case. This does not mean that it will always be advisable for the court to do so. * * *" (*Op. cit., pp.* 1045–46)

And see 1959 *Supp., p.* 50, for the federal cases decided since the 1946 amendment which, it was said in *Huber v. American President Lines,* 240 *F. 2d* 778 (2 *Cir.* 1957), "eliminated any doubt which might previously have existed."

The view taken by the Sixth, Seventh and Ninth Circuits, and expressed in the 1946 amendment to *Federal Rule* 41(*b*), was adopted by this court in *S. G. Holding Corp. v. Besser* (unreported) in 1959, certification denied 28 *N. J.* 565 (1959); *cf. Buzza v. General Motors Corp.,* 49 *N. J. Super.* 322, 328 (*App. Div.* 1958).

Although we conclude, under *R. R.* 4:42-2(*b*) and the construction given by the federal courts to parallel *Federal Rule* 41(*b*), that the trial judge could weigh the proofs adduced by plaintiff, we are of the opinion that the case as it stood at the time defendant made his motion was such that the motion should not have been granted. Plaintiff's testimony was of such a quality as to make it necessary for the trial judge to summon defendant to give his version of the circumstances surrounding the payment of the $50. In short, we find that the determination appealed from was against the weight of the evidence as it then stood.

Under *R. R.* 4:42-2(*b*), made applicable to County Courts by *R. R.* 5:2-1, and which in turn applies in the County District Courts by virtue of *R. R.* 7:1-3, the trial judge was required to find the facts separately, as provided in *R. R.* 4:53-1. (The 1946 amendment to *Federal Rule* 41(*b*) also requires the court to make findings as provided in *Federal Rule* 52(*a*), where it renders judgment on the merits against plaintiff.) Here, however, there was only one essential fact to be found: Did plaintiff accept the $50 from defendant as payment in full? Since the trial judge approved the statement of evidence and proceedings indicating that he so found, we consider that a literal compliance with the rule was not necessary.

Plaintiff claims that the trial judge erred because the dismissal operated to preclude his insurer's rights as subrogee of his claim against defendant tortfeasor, citing *Fire*

*Ass'n of Philadelphia v. Wells,* 84 *N. J. Eq.* 484 (*E. & A.* 1915), and *Camden Fire Ins. Ass'n v. Prezioso,* 93 *N. J. Eq.* 318 (*Ch.* 1922). See, also, 29A *Am. Jur., Insurance,* § 1733, *p.* 810 (1960). It is to be observed, however, that the insurance company (on whose behalf the claim of error is admittedly made) was not a party to this action. The complaint nowhere indicated that plaintiff was insured and that a right of subrogation existed in his insurance company. Nor was there any proof offered of the existence of such a right. Since no claim was made by the insurer as subrogee, either separately or as part of plaintiff insured's action, we are not called upon to pass on this aspect of the matter. If the insurer's claim is to be pursued, it is obvious that the pleadings will have to be amended at the retrial.

Reversed and remanded for a new trial.