Howard **BATEMAN** and Marguerite B.
Jones, Partners, Trading as Ernest
Jones Company, Appellants,

v.

**FORD MOTOR COMPANY.**

No. 14032.

United States Court of Appeals
Third Circuit.

Argued Sept. 20, 1962.

Decided Dec. 13, 1962.

Kalodner, Circuit Judge, dissented.

Israel Packel, Philadelphia, Pa. (H.
James Sautter, Daniel Lowenthal, Fox,
Rothschild, O'Brien & Frankel, Philadelphia, Pa., on the brief), for appellants.

Aaron M. Fine, Philadelphia, Pa. (William T. Coleman, Jr., Harold E. Kohn,
Dilworth, Paxson, Kalish, Kohn & Dilks,
Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER
and GANEY, Circuit Judges.

GANEY, Circuit Judge.

This is a proceeding by way of injunction to compel the defendant to continue a business relationship which had
existed at the time suit was brought.
The suit is based on a violation of the
Dealer's Day in Court Act of August
8, 1956, C. 1038, 70 Stat. 1125, 15 U.S.C.
§§ 1221–1225.[1]

The business of the plaintiffs had been
the buying and selling of Ford automobiles under a franchise from the defendant since 1933, a period of 29 years. On
or about November 3, 1961, the defendant gave notice of the termination of the
plaintiffs' franchise to sell their cars as
of February 3, 1962. Negotiations looking toward agreement between the parties continued until January 8, 1962,
without success, and on that date the
plaintiffs filed their complaint, the first
count of which alleged that the threatened termination of the franchise was
unfair and inequitable and as such a violation of the Dealer's Day in Court Act,
and the second count of which alleged a
violation of the Robinson-Patman Act.
Defendant stopped delivery of plaintiffs'
orders after February 3, 1962.

For a complete understanding of the
procedures involved herein, it is necessary to detail the various steps taken

1. 15 U.S.C.A. § 1222 provides: "An automobile dealer may bring suit against any
automobile manufacturer engaged in commerce, in any district court of the United
States in the district in which said manufacturer resides, or is found, or has an
agent, without respect to the amount in
controversy, and shall recover the damages by him sustained and the cost of
suit by reason of the failure of said automobile manufacturer from and after August 8, 1956 to act in good faith in performing or complying with any of the
terms or provisions of the franchise, or
in terminating, canceling, or not renewing
the franchise with said dealer: *Provided,*
That in any such suit the manufacturer
shall not be barred from asserting in defense of any such action the failure of the
dealer to act in good faith."

climaxing the matter now before us for disposition.

Plaintiffs, pursuant to the first count of the complaint, filed a motion on January 9, 1962, for a preliminary injunction, on which the court fixed a hearing for January 22, 1962. On January 18, 1962, a motion to dismiss the complaint was filed by the defendant on the ground that it sought injunctive relief which was not permissible under the Dealer's Day in Court Act. The court below, without a hearing on the facts, entered a judgment on January 23, 1962, in which it dismissed the complaint insofar as it requested injunctive relief.

An appeal from this judgment was taken together with the motion in this Court for an injunction pending appeal. The motion for an injunction pending appeal was denied on January 25, 1962, but this Court ordered that the appeal be expedited at a hearing on the merits of the injunction. On February 23, 1962, after argument in this Court, the judgment of the court below was reversed on March 28, 1962, Bateman v. Ford Motor Company, 302 F.2d 63, wherein the late Judge Goodrich stated: "To make the remedy provided by the statute effective in accomplishing what is meant to be accomplished, we think that the dealer needs equity help in keeping his business going while his legal claim is being tested. A judgment for damages acquired years after his franchise has been taken away and his business obliterated is small consolation to one who, as here, has had a Ford franchise since 1933."

The defendant filed a petition for rehearing in this Court and during its pendency, on April 3, 1962, plaintiffs filed in the district court a motion for an injunction pending appeal. A hearing was held on this motion and, at the court's suggestion, it was treated as a motion for a preliminary injunction. Before receiving notice of the denial of defendant's petition for rehearing by this Court, the district court, on April 18, 1962, entered an order denying a preliminary injunction. 204 F.Supp. 357.

The plaintiffs applied to this Court for an injunction pending appeal which was denied on April 26, 1962, without prejudice to the presentation of a similar motion on a new appeal, since the mandate of this Court had not been returned to the court below. On April 27, 1962, the district court again entered an order denying the plaintiffs' request for a preliminary injunction from which an appeal was taken on April 30, 1962. Another motion for an injunction pending appeal was denied on May 15, 1962, and the matter is now before this Court on the plaintiffs' appeal from the action of the court below in dismissing the petition for a preliminary injunction.

The testimony presented to the district court on behalf of plaintiffs was in connection with the alleged bad faith of the defendant in terminating the franchise, and also related to the balancing of equities and the consideration of the relative factors involved. The defendant, without offering any evidence in its side of the case, moved for the dismissal of the request for a preliminary injunction, which motion, as has been indicated heretofore, was allowed.

No findings of fact were made by the court below. The only reference thereto is the denial by the court of suggested findings of fact submitted by the plaintiffs, on the ground that the court was unable to adopt them because of insufficient proof thereof. The basic fact at issue here is whether or not the contract was terminated in bad faith by the defendant, since if it was so terminated, it will not be binding on the plaintiffs. The court below held that, " * * * after hearing all of the plaintiffs' evidence and arguments, this Court finds that plaintiffs have failed to meet the burden required of them and, therefore, finds as a fact that plaintiffs have failed to prove bad faith, coercion, discrimination, or threatened irreparable harm warranting the issuance of a preliminary injunction under the law * * *." This is merely an ultimate finding and the court states no facts on which it is predicated. However, without passing

any opinion on the correctness of the view reached by the court below, it is incumbent upon the court, in conformity with Rule of Federal Procedure 52(a), that in refusing an interlocutory injunction, the court must set forth findings of fact and conclusions of law upon which it predicates its action. In Sims v. Greene, 160 F.2d 512, this Court said, "* * * a temporary injunction issued illegally since no findings of fact and conclusions of law were made by the court below as required by Rule 52(a)."

Additionally, previous to the 1946 amendment to Rule of Federal Civil Procedure 41(b),[2] there was a split of authority among the Circuits, this Circuit holding, along with the Fourth Circuit, that all the court was called upon to decide on the motion was a question of law and hence no findings of fact were requisite. Federal Deposit Insurance Corporation v. Mason, 115 F.2d 548; Schad v. Twentieth Century Fox Film Corporation, 136 F.2d 991; Whitley v. Powell, 159 F.2d 625. In the Sixth, Seventh and Ninth Circuits, a contrary view was held and findings of fact were necessary to be found. Gary Theatre Company v. Columbia Pictures Corporation, 120 F.2d 891; Bach v. Friden Calculating Machine Co., Inc., 148 F.2d 407; Barr v. Equitable Life Assurance Society of the United States, 149 F.2d 634. However, for this Circuit, the confusion that had obtained previous to the 1946 amendment to Rule 41(b) was dissipated

and this Circuit flatly took the position in O'Brien v. Westinghouse Electric Corporation, 293 F.2d 1, 9, that findings of fact in a non-jury case, after a motion for dismissal was filed under 41(b), are requisite.

The record here discloses a factual situation which would only admit of a proper review by the lower court making findings of fact and conclusions of law in connection therewith. Kreielsheimer v. Cohen et al., 4 Cir., 252 F.2d 330.

The judgment of the district court will be reversed and the cause remanded to the district court with directions to proceed in accordance with this opinion.

KALODNER, Circuit Judge (dissenting).

The majority here reverses an Order of the District Court which denied and dismissed a preliminary injunction sought by the plaintiffs, and remands the cause to the District Court on the ground that it failed to find the facts specially and state separately its conclusions of law.

I disagree. I would affirm the District Court's Order for the reasons later stated.

The District Court's opinion, reported at 204 F.Supp. 357 (E.D.Pa.1962) sets forth its findings of facts and conclusions of law and that is all that is necessary to satisfy the requirements of Rules 41(b) and 52(a), as amended,[1]

---

2. The amendment of December 27, 1946, effective March 19, 1948, to Rule 41(b), added the following: "In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)."

1. Rule 41(b), as amended, provides in relevant part:
"If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)."

Rule 52(a), as amended, provides in part:
"If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein."
    "An examination of Rule 52(a) discloses that its objective is to have the trial judge set forth his findings of fact and conclusions of law in cases where he is the trier of the fact * * * where his decision turns in part upon a factual determination. That is, in granting or refusing interlocutory injunctions, and at the final hearing of the action, including a dismissal at the end of plaintiff's case under Rule 41(b) * * *. The Rule does not place a severe burden upon the

and to enable this Court to consider the issue here presented as to whether the District Court abused its discretion in denying the preliminary injunction sought by the plaintiffs.

In its Opinion, the District Court stated (p. 360):

> "Since the injunction which is sought has mandatory aspects, the burden of making a strong showing, on the part of plaintiffs, is a heavy one. See W. A. Mack, Inc. v. General Motors Corporation, 260 F.2d 886 (7th Cir. 1958).

> "To recite all the semantic variations of the phrases which courts have used in describing the chancellor's chore cannot serve any useful purpose. It is enough to say that the issues are doubtful. As was said in Madison Square Garden Corporation v. Braddock, 90 F.2d 924, 927 (3rd Cir. 1937):

> "'* * * It has been so well stated that upon an application for a preliminary injunction to doubt is to deny.'

> "Accordingly, after hearing all of the plaintiffs' evidence, and considering the exhibits and arguments, this Court finds that plaintiffs have failed to meet the burden required of them and, therefore, finds as a fact that plaintiffs have failed to prove bad faith, coercion, discrimination, or threatened irreparable harm warranting the issuance of a preliminary injunction under the law. It is to be understood however, that this Court is in no sense deciding the case on the merits."

The plaintiffs on this appeal have not asked this Court to reverse and to remand to the District Court for the stating of special fact findings and conclusions of law. Nor have the plaintiffs presented a contention that the factual findings made by the District Court in its Opinion are "clearly erroneous".

The sum of plaintiffs' position is that their evidence (1) "tended to show the defendant's bad faith"; (2) "showed, at the least a bona fide dispute as to the bad faith of the defendant"; (3) "shows at this stage right in the plaintiffs which merits equitable consideration", and that for these reasons the District Court was guilty of an abuse of discretion in denying the preliminary injunction since "the balancing of equities" was in favor of the plaintiffs.

I would affirm the Order of the District Court denying the preliminary injunction sought by the plaintiffs for the reason that the record as made does not disclose that the District Court was guilty of an improvident exercise of judicial discretion. It is settled law that "The granting or denying of a preliminary injunction rests in the sound judicial discretion of the trial court and will not be disturbed upon appeal 'unless contrary to some rule of equity, or the result of an improvident exercise of judicial discretion'".[2]

The District Court, in its Opinion, reviewed the evidence which the plaintiffs urge "tended to show bad faith" on defendant's part and found that it was not of a quality to warrant issuance of a preliminary injunction. The District Court, in its Opinion, also recognized "the necessity of balancing the competing equities" between the parties and found that the plaintiffs' evidence failed to establish the threat of irreparable injury warranting the issuance of a preliminary injunction.

It is not the function of a reviewing court to substitute its judgment for that of the trial court in the weighing of evidence and the "balancing of equities" in the absence of a showing that the fact-findings were "clearly erroneous" and

---

trial judge, for he 'need only make brief, definite, pertinent findings and conclusions upon the contested matters', and after the 1946 amendment it is clear that these may be part of his opinion or memorandum

of decision." 5 Moore, Federal Practice ¶ 52.06 [1] (2nd Ed. 1951).

2. Joseph Bancroft & Sons Co. v. Shelley Knitting Mills, Inc., 268 F.2d 569, 573 (3 Cir. 1959).

that the judicial "balancing of equities" in considering the issue of a threat of irreparable injury was improvidently performed.

As earlier stated the record here would not in my opinion justify a determination by this Court that the District Court was guilty of an improvident exercise of discretion in denying the plaintiffs' application for a preliminary injunction.