**WAYNE AUTOMATION CORP.,
a Pennsylvania corporation,
Plaintiff,**

v.

**R.A. PEARSON CO., a Washington
corporation, Defendant.**

**No. CS–90–345–FVS.**

United States District Court,
E.D. Washington.

Aug. 27, 1991.

---

**3.** The parties apparently agree that the defamation laws of the District of Columbia apply to this case.

See also 790 F.Supp. 1508, 782 F.Supp. 516.

Mark W. Hendricksen, Layman, Loft, Arpin & White, Spokane, Wash., Frederick J. Olsson, Wayne, Pa., for plaintiff.

Richard J. St. John, Mark S. Matkin, Wells, St. John & Roberts, Spokane, Wash., for defendant.

### ORDER DISMISSING CAUSE OF ACTION PURSUANT TO FED.R.CIV.P. 41(b)

VAN SICKLE, District Judge.

#### A. Background

This is an action for patent infringement. Wayne Automation Corporation (hereinafter "Wayne") is the plaintiff; R.A. Pearson Company (hereinafter "Pearson") is the defendant. Wayne has made the following allegations: (1) that the Y1903 partition inserter which is manufactured and sold by Pearson has been operated so as to directly infringe upon U.S. Patent No. 4,829,747 (hereinafter "patent '747") in violation of 35 U.S.C. § 271(a), and (2) that Pearson has induced infringement of patent '747 in violation of 35 U.S.C. § 271(b). Prior to a non-jury trial, the Court approved a bifurcation of issues which provided that the initial phase of the litigation would be concerned solely with the question of infringement. At the conclusion of Wayne's case in chief, Pearson moved to dismiss pursuant to Fed.R.Civ.P. 41(b). The Court ruled that although Wayne had made out a case for direct infringement, it had failed to do so with regard to its claim that Pearson had induced infringement. Consequently, the Court dismissed Wayne's cause of action pertaining to inducement. The following findings and conclusions are entered as required by Fed. R.Civ.P. 41(b).

#### B. Standard For Deciding Rule 41(b) Motion

*Johnson v. United States Postal Service*, 756 F.2d 1461, 1464 (9th Cir.1985), provides:

On a Rule 41(b) motion, the trial judge weighs the evidence, resolves conflicts and determines where the preponderance lies. *See Ellis v. Carter*, 328 F.2d 573, 577 (9th Cir.1964). The motion may be granted even if the plaintiff has made out a *prima facie* case, provided the court is convinced that the evidence preponderates against the plaintiff. *Securities and Exchange Commission v. Murphy*, 626 F.2d 633, 658 (9th Cir.1980).

In applying the standard set forth above, the Court has considered only that evidence presented to it during Wayne's case in chief.

#### C. Findings

1. A. David Johnson, Jr., and Joseph L. Bachman are senior officials at Wayne, and two of the three named inventors of patent '747. During August, 1990, Mr. Johnson and Mr. Bachman went to Freehold, New Jersey, to see a Pearson Y1903 partition inserter at a plant where it had been installed, although only Mr. Bachman actually observed the Y1903 in operation. Later, Mr. Johnson observed the Y1903 in operation in plants in both Lapel, Indiana, and Winchester, Indiana.

2. Both Mr. Bachman and Mr. Johnson concluded that, on those occasions when they observed it, the Y1903 operated so that the bellows vacuum cups pushed the lead partition back into the set.

3. There is insufficient evidence to allow the Court to find that any of the Y1903 partition inserters observed by Mr. Bachman or Mr. Johnson had been manufactured so as to cause the bellows vacuum cups to push the lead partition back into the set.

4. Pearson provides an instruction manual to a purchaser when it sells a Y1903 partition inserter.

5. The instruction manual explains how a vacuum cup can be adjusted. However, the manual does not instruct or even suggest that a purchaser adjust the Y1903 to cause the vacuum cups to push the lead partition back into the set.

6. There is no evidence that Pearson ever suggested to a purchaser of a Y1903, either directly or indirectly, that the bellows vacuum cups of any Y1903 be adjusted to push the lead partition back into the set.

7. For purposes of this motion, the Court finds that variations in the curvature of a partition can make it difficult for the Y1903 vacuum cups to grip the lead partition with sufficient force to enable the Y1903 to pull the partition out of the lead position. If the Y1903 fails to pull the lead partition out, the machine must be adjusted or repaired in some manner.

8. Persons employed as mechanics in plants such as those observed by Mr. Bachman and Mr. Johnson have sufficient skill to modify a Y1903 in a manner so that the vacuum cups push the lead partition back into the set. The adjustment can be made without consulting Pearson.

### D. Conclusion

When reduced to its essentials, Wayne's case regarding inducement is this: (a) because of the inherent variability of partition curvature, the method which the Y1903 is designed to use to grip the lead partition will not work when the machine is installed in a purchaser's plant; (b) when the Y1903 fails to work, a mechanic will attempt to repair it; (c) the manual provided by Pearson shows the mechanic how to adjust the vacuum cups; (d) to get the Y1903 working, the mechanic will adjust the vacuum cups in a manner which causes the Y1903 to infringe on patent '747. Although its argument is ingenious, Wayne has failed to make its case.

Here, Pearson has made and sold a device which has a substantial non-infringing use, and a purchaser has apparently modified the device so that it infringes upon a patented method. Under what circumstances can Pearson be held liable for a purchaser's infringement? To prove inducement under 35 U.S.C. § 271(b), Wayne must show, by a preponderance of the evidence, that Pearson knowingly aided and abetted direct infringement of patent '747. *Water Technologies Corp. v. Calco, Ltd.,* 850 F.2d 660, 668 (Fed.Cir.1988) (citing 4 D. Chisum, *Patents* §§ 17.14[2], [3] (1984)). In *Oak Industries, Inc. v. Zenith Electronics Corp.,* 697 F.Supp. 988, 992–93 (N.D.Ill.1988), the Court said:

> Although a seller of a device that is capable of substantial noninfringing use will not be liable for contributory infringement, liability may still be established under § 271(b) if, in addition to the sale of that product, active steps are taken to encourage direct infringement. *See* Rich, *Infringement under Section 271 of the Patent Act of 1952,* 21 Geo. Wash.L.Rev. 521, 539 (1953). However, the mere sale, without more, of a device capable of such noninfringing use will not establish liability for inducement. *See id.,* at 542 (discussing legislative history; P.J. Frederico, *Commentary of the New Patent Act 53* (1952) ("clearly something more than mere knowledge of an intended infringing use would have to be shown to make out a case of active inducement under paragraph (b)").

Granted, Wayne may prove inducement through either direct or circumstantial evidence. *Moleculon Research Corp. v. CBS, Inc.,* 793 F.2d 1261, 1272 (Fed.Cir.1986). But there must be evidence from which a trier of fact could reasonably conclude that Pearson actually played some significant role in perpetrating infringement. Wayne has failed to meet that burden.

There is no proof that when a Y1903 leaves Pearson's plant, it uses a method for

pulling the lead partition which infringes upon patent '747. The record does show that once a Y1903 is operating in a customer's plant, it may be unable to pull the lead partition due to variability of partition curvature. If that problem occurs, a mechanic working in the plant will attempt to return the Y1903 to operation. The instruction manual provided by Pearson shows a plant mechanic how to adjust the bellows vacuum cups which the Y1903 utilizes. However, the manual does not describe the patented method claims, or suggest that a mechanic adjust the vacuum cups in an infringing manner. A mechanic working in a plant where a Y1903 is installed is likely to have sufficient skill to adjust the vacuum cups so that they infringe on Wayne Automation's method claims should a mechanic desire to make such an adjustment. There is evidence that, in at least three plants, such adjustments were made. But there is nothing in the record to show that Pearson ever recommended, counseled or advised such a procedure. Nor is there evidence to show that Pearson knew the Y1903 wouldn't work, and that Pearson intended for its customers to make an infringing modification. In short, there is nothing which permits the Court to conclude that Pearson actively aided or abetted direct infringement of patent '747. To the extent infringement took place, it was committed by persons acting independently of Pearson who have not been joined as defendants in this action.

Cases cited to the Court by Wayne are distinguishable. In each, the accused infringer took some active step which showed that the accused knew he was inducing infringement. *See, e.g., C.R. Bard, Inc. v. Advanced Cardiovascular Systems,* 911 F.2d 670, 675 (Fed.Cir.1990) ("providing detailed instructions and other literature on how to use [device] in a manner which would infringe"); *Water Technologies Corp. v. Calco, Ltd.,* 850 F.2d 660, 668 (Fed.Cir.1988) (infringer provided formulas; helped make infringing product; and "prepared consumer use instructions"); *Moleculon Research Corp. v. CBS, Inc.,* 793 F.2d 1261, 1272 (Fed.Cir.1986) (infringer disseminated instructions teaching patent-

ed method). There is nothing in the record before this Court which is comparable to any of the fact-patterns cited above.

Based upon the foregoing, the Court concludes that Wayne has failed to make a case that Pearson knowingly induced infringement within the meaning of 35 U.S.C. § 271(b).

IT IS HEREBY ORDERED: Plaintiff Wayne Automation's cause of action alleging that defendant Pearson induced infringement of patent '747 in violation of 35 U.S.C. § 271(b) is dismissed with prejudice in accordance with Fed.R.Civ.P. 41(b).

IT IS SO ORDERED.